BROOKS COUNTY *v.* ILEX THEATRE INCORPORATED.

No. 11793.  MAY 17, 1937.

*Lee W. Branch,* for plaintiff in error. *Bennet & Bennet,* contra.

Per Curiam. 1. Sections 92-3901 to 92-3912 of the Code, under which counties are authorized to issue stated licenses and to fix license charges as therein limited, when properly construed, do not grant to county authorities the power to levy occupation taxes, but merely confer a regulatory power under which certain charges may be incidentally made against applicants to whom such licenses are granted. Code, §§ 84-2001, 84-2002; *Woodson* v. *Paulk,* 139 *Ga.* 783 (78 S. E. 35); *Padgett* v. *Silver Lake Park Corporation,* 168 *Ga.* 759 (149 S. E. 180); *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23; *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412 (49 S. E. 262).

2. In the question certified by the Court of Appeals it is assumed by that court that the particular tax in controversy, as imposed against the moving-picture theatre, was levied strictly as an occupation tax; and the only inquiry presented to this court is whether, under sections 92-3901 to 92-3912, supra, the county had authority to levy a tax of that nature. As thus limited, the question is answered in the negative. Under the question as restricted by the Court of Appeals, the question whether the county authority could, under the sections mentioned, levy a regulatory license charge for the business indicated is not involved.

*All the Justices concur.*

Atkinson, J., concurs in the result.

Russell, Chief Justice, concurring specially. Assuming, as stated by the Court of Appeals in the question propounded, that the tax sought to be collected is an occupational tax, the question must be answered in the negative.