25844. BROOKS COUNTY *v.* ILEX THEATRE INC.

BROYLES, C. J. "1. Sections 92-3901 to 92-3912 of the Code, under which counties are authorized to issue stated licenses and to fix license charges as therein limited, when properly construed, do not grant to county authorities the power to levy occupation taxes, but merely confer a regulatory power under which certain charges may be incidentally made against applicants to whom such licenses are granted. Code, §§ 84-2001, 84-2002; *Woodson* v. *Paulk*, 139 *Ga.* 783 (78 S. E. 35); *Padgett* v. *Silver Lake Park Corporation*, 168 *Ga.* 759 (149 S. E. 180); *Mayor &c. of Savannah* v. *Hartridge*, 8 *Ga.* 23; *Standard Oil Co.* v. *Swanson*, 121 *Ga.* 412 (49 S. E. 262).

"2. In the question certified by the Court of Appeals it is assumed by that court that the particular tax in controversy, as imposed against the moving-picture theatre, was levied strictly as an occupation tax; and the only inquiry presented to this court is whether, under sections 92-3901 to 92-3912, supra, the county had authority to levy a tax of

that nature. As thus limited, the question is answered in the negative. Under the question as restricted by the Court of Appeals, the question whether the county authority could, under the sections mentioned, levy a regulatory license charge for the business indicated is not involved."

3. The preceding headnotes constitute the ruling of the Supreme Court in this case, rendered on May 17, 1937, in answer to a certified question from this court. 184 *Ga.* 422 (191 S. E. 436). On the trial of the case it was conceded and expressly alleged by counsel for Brooks County that the tax sought to be imposed by the county against Ilex Theatre Inc. was levied strictly as an occupation tax, as shown by the following language in the bill of exceptions (par. 9 of the assignment of error on the judgment in favor of the affidavit of illegality filed by Ilex Theatre Inc.): "That the State tax on moving-picture shows, the city tax on moving-picture shows, and the county tax are all occupation taxes, and are levied for the purpose of raising revenue, and not for the purpose of controlling a business which is potentially hurtful or in the need of regulation, and there is no conflict between said three occupation taxes."

4. Under the foregoing rulings the judge, without the intervention of a jury, did not err in finding in favor of Ilex Theatre Inc.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 17, 1937.

*Lee W. Branch,* for plaintiff in error. *Bennet & Bennet,* contra.