## STANDARD OIL COMPANY *v.* SWANSON.

1. Paragraph 8 of section 2 of the general tax act of 1902, imposing a special tax upon traveling venders "of patent or proprietary medicines, special nostrums, jewelry, paper, soap, or other merchandise," does not embrace venders of merchandise not ejusdem generis with the articles expressly enumerated.
2. Oil handled in bulk and sold in quantity is not ejusdem generis with the articles expressly enumerated in the above-mentioned statute, and that statute does not embrace traveling venders of such oil.

Argued November 15,—Decided December 10, 1904.

Action for damages. Before Judge Fite. Gordon superior court. February 24, 1904.

*King, Spalding & Little,* for plaintiff, cited, as to peddlers and traveling venders, 55 *Ga.* 686 ; definitions in Webster, Worcester, Johnson, and Bouvier; 19 Am. St. R. 646 ; 9 Am. St. R. 456 ; 88 N. W. 984 ; 34 Am. L. Reg. 569 ; 2 Am. & Eng. Enc. L. 291 ; 41 Cent. L. J. 400 ; 29 L. R. A. 41 ; 55 S. W. 87 ; 114 Mass. 267 ; 32 Atl. 394 ; 57 Am. St. R. 128 ; 28 N. W. 14 ; 8 Pac. 866 ; 58 Miss. 478 ; 15 Am. & Eng. Enc. L. 293 ; 47 Fed. 540 ; 20 Ala.

47; 68 Iowa, 678; 34 Kans. 434; 114 Mass. 267; 42 S. C. 214; 46 Am. St. R. 719; 105 *Ga.* 696.

*Samuel P. Maddox, solicitor-general,* for defendant, cited *Ga. R.* 64/128, 227; 111/536; 105/358; 115/184; 117/969; 108/228;. 111/1; Pol. Code, § 1647; Acts 1902, pp. 26–27.

SIMMONS, C. J.    Suit was brought by the Standard Oil Company against S. E. Swanson, for the recovery of about fifty dollars alleged to have been illegally collected by him as tax-collector of Gordon county. From the pleadings and the evidence it appeared that the plaintiff was a corporation, duly organized under the laws of the State of Ohio and doing business in Georgia; that it was engaged in the manufacture and sale of oils and oil products; and that in pursuance of this business it had an agent, a storage warehouse, and a place of doing business in Whitfield county. Oil received in tank-cars was pumped into the plaintiff's storage-tanks in Whitfield county, and taken from these tanks into a tank-wagon. This wagon was driven through the county of Gordon, as well as Whitfield, and the oil delivered to merchants. In some instances orders were previously sent in; in others, not. Upon the arrival of the wagon at a store, such quantities of oil were sold, delivered, and paid for as the merchant might desire. The defendant, as tax-collector of Gordon county, issued against the plaintiff an execution for taxes under paragraph 8 of section 2 of the general tax act of 1902 (Acts 1902, p. 21). Under protest, and in order to prevent the sale of certain of its property levied upon under this execution by the sheriff of the county of Whitfield, the plaintiff paid the amount of the execution. For the recovery of the amount so paid the present suit was brought. On the trial it was admitted that the plaintiff had paid its ad valorem tax on its plant and property in the county of Whitfield, and that no special tax or peddler's tax or other license had been demanded of it in that county. The case was submitted to the judge without the intervention of a jury, and he found for the defendant, holding that the plaintiff was subject to the tax imposed, and that the execution was legal. To this judgment the plaintiff excepted.

Counsel expressly refrained, in the present case, from raising any question as to whether the collection of this tax would be an unlawful interference with interstate commerce, or as to whether

the execution should have been issued against plaintiff or against its agent in charge of its wagon. The sole question is whether such a business as is shown by the record to have been carried on by plaintiff in the county of Gordon was taxable under the above-cited provisions of the act of 1902. The tax was imposed under the following provision of that act: "That in addition to the ad valorem tax on real estate and personal property, as required by the constitution and provided for in the preceding section, the following specific taxes shall be levied and collected for each of said fiscal years. . . Upon every traveling vender of patent or proprietary medicines, special nostrums, jewelry, paper, soap, or other merchandise, fifty dollars in each county where they may offer such articles for sale."

Whether the plaintiff's agent was, under the Political Code, § 1640 et seq., subject to tax as a peddler or itinerant trader is not involved in this case. The tax collected from the plaintiff was imposed under the act of 1902, and the question now presented is whether the tax was authorized by that act.

"Statutes which impose restrictions upon trade or common occupations, and which levy an excise or tax upon them, must be construed strictly;" "statutes levying duties or taxes upon subjects or citizens are to be construed most strongly against the government and in favor of their subjects or citizens, and their provisions are not to be extended, by implication, beyond the clear import of the language used;" "revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and, hence, whenever there is a just doubt, that doubt should absolve the tax-payer from his burden." *Mayor etc. of Savannah* v. *Hartridge,* 8 *Ga.* 23. "We will hold that the legislature intended nothing beyond what their language, in its fair and usual meaning, will indicate; and, if the terms of their enactment have not embraced the object contended for, the power is with them, by additional act or acts, to extend them." Ibid. Whether the business carried on by plaintiff can properly be classed as that of a "traveling vender," as used in the act of 1902, we need not now decide; for, conceding that plaintiff is a traveling vender, we think that it is not within the classes of such venders taxed by the act. We think that the words "other merchandise," in the act, must be

construed to mean other merchandise ejusdem generis with the articles expressly named.    " Where a statute or other document enumerates several classes of persons or things, and immediately following and classed with such enumeration the clause embraces ' other ' persons or things, the word ' other ' will generally be read as ' other such like;' so that persons or things therein comprised may be read as *ejusdem generis* with, and not of a quality superior to or different from those specifically enumerated." 21 Am. & Eng. Enc. Law (2d ed.), 1012, and authorities cited.   This rule is well established in this State.   See *Sanders* v. *State*, 86 *Ga.* 717, in which the rule is thus quoted, from Endlich, Int. Statutes:   " The general word which follows particular and specific words of the same nature as itself takes its meaning from them, and is presumed to be restricted to the same genus as those words; or, in other words, as comprehending only things of the same kind as those designated by them; unless, of course, there be something to show that a wider sense was intended."   This rule is not inflexible, but it is clearly applicable to the present case, where not only is there nothing "to show that a wider sense was intended," but the statute is one which must be strictly construed and the terms of which can not be extended by implication.   The statute, then, provides for a tax upon traveling venders of "patent or proprietary medicines, special nostrums, jewelry, paper, soap," and other *like* merchandise.   The plaintiff handled oil in bulk and sold it to merchants in quantity.   Such oil was surely not ejusdem generis with any of the articles specially enumerated in the statute.   The statute expressly mentions only such small articles as are usually or frequently carried by peddlers, hawkers, and " street fakirs."   Possibly small packages of standard merchandise would be of the same general class with the articles expressly enumerated; but we are clear that oil, or other standard merchandise, handled and sold in bulk, would not be.   The statute, therefore, does not impose any tax upon one carrying on a business such as the record shows was conducted by the plaintiff in error, and the execution based upon this statute was not authorized by law.   The money collected from plaintiff in error under and by virtue of this execution was illegally exacted.   The money having been paid under duress, the plaintiff had a right to recover the amount so paid, and the court erred in finding for the defendant.            *Judgment reversed.   All the Justices concur.*