### 42332. HAWES, Commissioner v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COMPANY.

FRANKUM, Judge. The sole question presented by this appeal is whether, under the facts stipulated, the Revenue Commissioner was barred from assessing an income tax deficiency against the Nashville, Chattanooga & St. Louis R. Co. for the tax years 1942, 1943, and 1944. *Code Ann.* § 92-3303, at all times material to this proceeding, provided that, except as to those cases where the taxpayer fails to disclose in his return all of his income from all sources (which exception is not here involved), the Revenue Commissioner shall assess the taxes due within 3 years after the return was filed, and that no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. It further provided that in any case where the Revenue Commissioner and the taxpayer agree in writing, before the expiration of the time prescribed by law for assessment, for an extension of the time for assessment, then the tax might be assessed at any time prior to the expiration of the period agreed upon, and that such agreed upon extensions of time might be further extended by subsequent agreements in writing entered into between the Revenue Commissioner and the taxpayer prior to the expiration of the period previously agreed upon. *Code* § 92-3302, as it existed at the time in question, provided in part: "(a) As soon as practicable after the return is filed, the State Revenue Commission[er] shall examine and shall determine the correct amount of tax. If the Commission[er] determines that there is a deficiency in respect to the tax imposed by this law or any prior law, the Commission[er] is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 30 days after such notice is

mailed, the taxpayer may file a petition with the Commission[er] for a redetermination of the deficiency. No assessment of a deficiency in respect to the tax imposed by this or any prior law, and no proceeding in court for its collection, shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 30 day period nor, if a petition has been filed with the Commission[er], until the decision of the Commission[er] shall have been made known to the taxpayer."

In this case the Revenue Commissioner and the taxpayer having previously agreed to extensions of time for the assessment of taxes for the years 1942, 1943, and 1944, the Revenue Commissioner, on September 24, 1947, sent to the taxpayer a notice of deficiency for said years in accordance with the requirements of the above quoted Code section. The taxpayer, on October 21, 1947, filed a protest and petition for redetermination of the deficiency. This protest and petition for redetermination was not immediately acted upon by the Commissioner, but he thereafter, on November 21, 1947, advised the taxpayer that the time within which he might make assessments under his notice of deficiency would soon expire and requested the execution of an agreement for a further extension of time. This agreement was executed, and thereafter subsequent agreements for extensions of time were executed by the parties, the last of such agreements being dated December 8, 1949, providing that the taxes for the years involved "may be assessed at any time on or before December 31, 1950, except that, if a notice of a deficiency in tax is sent to said taxpayer by mail *on or before said date,* then the time for making any assessment, or refund, as aforesaid shall be extended beyond the said date by the number of days during which the Department of Revenue is prohibited from making an assessment and for thirty days thereafter." (Emphasis supplied.)

The Revenue Commissioner contends that under the language of the last quoted sentence of *Code* § 92-3302 above, and especially the last clause thereof, that he was prohibited from assessing the tax until he had notified the taxpayer of his decision on taxpayer's protest and petition for redetermination, and that since the taxpayer was not notified of the Commissioner's decision on its protest until September 27, 1951 (except for a notice of assessment issued on Decem-

ber 16, 1948, and withdrawn on December 21, 1948), that his assessment of taxes contemporaneously with such notice was timely. This contention is without merit. At all times material to this case the law, as embodied in *Code Ann.* § 92-3303, plainly and simply provided that the taxes imposed by law "shall be assessed within three years after the return was filed and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." The only exception to this plain requirement of the law arises where the time for assessing has been extended by agreement, and where the agreement, as in this case, extended the time to a date certain, the Revenue Commissioner had until the date stated in such agreement to assess the taxes, and thereafter he was barred from assessing them. That this is the proper, and the only proper, interpretation of the effect of the law is clearly indicated by the fact that the legislature deemed it necessary to add to the first paragraph of *Code* § 92-3302 in 1960, long after the Revenue Commissioner was barred in this case, a provision for the tolling of the statute of limitation for the making of an assessment where a petition for redetermination of a deficiency has been filed, until such petition is denied by the Commissioner.

The trial court did not err in holding that the assessment in this case was barred and in rendering a judgment in favor of the taxpayer.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 9, 1966—DECIDED FEBRUARY 2, 1967—REHEARING DENIED MARCH 13, 1967—

*Arthur K. Bolton, Attorney General, William L. Harper, John A. Blackburn, Assistant Attorneys General,* for appellant.

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., John H. Boman, Jr.,* for appellee.