## 24090.   HAWES, Commissioner v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COMPANY.

ARGUED JUNE 13, 1967—DECIDED JULY 6, 1967—
REHEARING DENIED JULY 27, 1967.

*Arthur K. Bolton, Attorney General, William L. Harper, John A. Blackmon, Assistant Attorneys General,* for appellant.

*John H. Boman, Jr., Charles E. Watkins, Jr., Hansell, Post, Brandon & Dorsey, Phillip M. Lanier,* for 'appellee.

MOBLEY, Justice.   This court granted certiorari to review the decision by the Court of Appeals holding that an assessment against the Nashville, Chattanooga & St. Louis Railway Company, for deficiencies in income taxes for the years 1942, 1943, and 1944, was barred by the statute of limitation applicable to such taxes.

On February 5, 1946, the taxpayer executed a waiver of the statute of limitation, applicable to the year 1942.   On December 10, 1946, the taxpayer transmitted waivers applicable to the years 1942 and 1943.   On December 8, 1947, December 21, 1948, and December 8, 1949, the taxpayer executed waivers applicable to 1942, 1943, and 1944.   The waivers executed on the last three dates mentioned (applicable to all three years involved in the assessment) all agreed that the amounts due "may be assessed at any time on or before December 31" of the next succeeding year, "except that, if a notice of a deficiency in tax is sent to said taxpayer by mail on or before said date, then the time for making any assessment, or refund, as aforesaid shall be extended beyond the date by the number of days during which the Department of Revenue is prohibited from making an assessment and for thirty days thereafter."

The notice of deficiencies for the years 1942, 1943, and 1944

was sent to the taxpayer on September 24, 1947. On October 21, 1947, the taxpayer filed with the Department of Revenue a protest and petition for redetermination of deficiencies. On September 27, 1951, the Department of Revenue gave notice to the taxpayer that the protest filed on October 21, 1947, was denied and that on that date deficiencies in income taxes had been assessed againt the taxpayer. The taxpayer appealed from this assessment to the Superior Court of Fulton County. That court sustained the plea of the statute of limitation filed by the taxpayer, and the Court of Appeals affirmed that judgment. See *Hawes v. Nashville, Chattanooga &c. R. Co.,* 115 Ga. App. 370 (154 SE2d 717).

Section 92-3303 of the Code of 1933, as amended by Ga. L. 1937, pp. 109, 142, and Ga. L. 1937-38, Ex. Sess., pp. 77-103 (the law in effect when the assessment was made), imposed a limitation of three years after the return was filed in which the assessment could be made. This section, as amended, further provided that: "Where before the expiration of the time prescribed in this law for the assessment of the tax, both the State Revenue Commission[er] and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

The State Revenue Commissioner contends that the language in the waivers extending the period for making the assessment beyond the date set "by the number of days during which the Department of Revenue is prohibited from making an assessment" tolled the statute of limitation until the commissioner notified the taxpayer of the denial of its petition for redetermination of the deficiencies. This contention is based on the language of § 92-3302 of the Code of 1933, which provided: "As soon as practicable after the return is filed, the State Revenue Commission[er] shall examine it and shall determine 'the correct amount of tax. If the Commission[er] determines that there is a deficiency in respect of the tax imposed by this law or any prior law, the Commission[er] is authorized to send

notice of such deficiency to the taxpayer by registered mail. Within 30 days after such notice is mailed, the taxpayer may file a petition with the Commission[er] for a redetermination of the deficiency. No assessment of a deficiency in respect to the tax imposed . . . shall be made . . . until such notice has been mailed to the taxpayer, nor until the expiration of such 30 day period nor, if a petition has been filed with the Commission[er], *until the decision of the Commission[er] shall have been made known to the taxpayer.*" (Emphasis supplied.) It is asserted that this section prohibits the commissioner from making an assessment until the taxpayer is notified of the denial of its petition for redetermination, and that the waiver therefore tolled the statute of limitation until the notice was sent on September 27, 1951, denying the petition for redetermination, and thirty days thereafter, and that the assessment made on the same date of September 27, 1951, would be within the extension of the waivers. We think this is the correct view of the effect of the language of the waivers executed by the taxpayer.

By Ga. L. 1960, pp. 1005, 1007, *Code* § 92-3302 was amended to provide: "The filing of a petition for redetermination of a deficiency under this section, or a written request by the taxpayer for additional time therefor, shall toll the period of limitation for making an assessment until such petition is denied by the Commissioner, or such request is withdrawn by written request of the taxpayer." This amendment obviated the necessity of the execution of waivers in order to toll the statute of limitation, and the situation of taxpayers under the present law is the same as that of taxpayers under the former law who had executed waivers such as those in the present record.

It is insisted by the taxpayer that the letters from the Department of Revenue requesting the waivers which are now relied on to toll the statute of limitation show that the contemporaneous administrative construction of the waivers was that they expired on the dates recited therein. In *Thompson v. Eastern Air Lines, Inc.,* 200 Ga. 216, 224 (39 SE2d 225), it was held: "In the interpretation of doubtful statutes, much weight will be given . . . administrative and legislative

interpretations." In that case the administrative interpretation of a statute had been given legislative sanction by the failure of the General Assembly for a number of years to amend the statute to nullify the administrative construction. In the present case it is not contended that the statute of limitation was tolled by any provision of law, but by a waiver executed by the taxpayer. The language of this waiver tolled the statute of limitation for a period of thirty days beyond the time in which "the Department of Revenue is prohibited from making an assessment." The statute providing the time of this prohibition (§ 92-3302 of the Code of 1933) was unambiguous. The administrative interpretation of the waivers by a former State Revenue Commissioner will not estop the present commissioner from relying on the waivers, which toll the statute of limitation for thirty days beyond a time fixed by an unambiguous statute. See *Standard Oil Co. of Ky. v. State Revenue Commission*, 179 Ga. 371 (6 b) (176 SE 1); *Suttles v. Northwestern Mut. Life Ins. Co.*, 193 Ga. 495 (4) (19 SE2d 396).

The Court of Appeals erred in holding that the assessment was barred by the statute of limitation.

*Judgment reversed. All the Justices concur, except Almand, P. J., who dissents. Undercofler and Frankum, JJ., disqualified.*

ON MOTION FOR REHEARING.

In its motion for rehearing the taxpayer contends that its petition for redetermination of deficiencies was no longer pending on the date of September 27, 1951, because this petition had been previously denied on December 16, 1948, and no new or additional protest was filed after December 16, 1948.

The stipulation of facts entered into between the parties on the trial of the case states that on December 16, 1948, the Department of Revenue, or its commissioner, assessed the taxpayer for alleged deficiencies in income taxes for the years 1942, 1943, and 1944, and that on December 21, 1948, this assessment was withdrawn. There is no indication in the stipulation of facts, or elsewhere in the record, that the petition for redetermination was denied or that any notice was given to the taxpayer of the denial of its petition for redetermination before the assessment of December 16, 1948, and this assessment (withdrawn

five days later) did not have the effect of denying the petition for redetermination.

The stipulation of facts states that on September 27, 1951, the Department of Revenue or its commissioner "gave notice" to the taxpayer "that the protest filed on October 21, 1947, was denied and there had been assessed on said date deficiencies in income taxes for the years 1942, 1943 and 1944 against said railway." The parties are bound by their stipulation of facts on which the case was decided. *Luther v. Clay,* 100 Ga. 236, 243 (28 SE 46, 39 LRA 95). Since the record in this court shows that the first notice of the denial of the petition for redetermination was given on September 27, 1951, under the waivers executed by the taxpayer the statute of limitation had not run at the time of the assessment on that same date.

The motion to vacate the judgment and grant a rehearing before a full bench, substituting superior court judges for the Justices disqualified, is denied. Counsel for the taxpayer had notice of the disqualification of Justices Undercofler and Frankum and did not give the court notice prior to the call of the calendar of their desire for a full bench, as required by Rule 28 of this court. Justice Undercofler inadvertently participated in this case (after having disqualified in the consideration of the certiorari), but he has disqualified himself and the judgment is modified to show him not participating therein.

*Motion for rehearing denied. All the Justices concur, except Almand, P. J., who dissents. Undercofler and Frankum, JJ., disqualified.*

Almand, Presiding Justice, dissenting. The trial court and the Court of Appeals correctly decided this case. I would affirm.