24859.   HAWES, Commissioner v. DINKLER et al.

Argued November 13, 1968—Decided November 21, 1968.

*Arthur K. Bolton, Attorney General, William L. Harper, H. Perry Michael, Melvin E. Thompson, Jr., Assistant Attorneys General,* for appellant.

*Wesley R. Asinof, Henry Bowden, Harold Sheats,* for appellees.

ALMAND, Presiding Justice.   Carling L. Dinkler, Jr. and some fourteen others in their action against Herbert T. Jenkins, Chief of Police of the City of Atlanta, and others, alleging themselves to be holders of licenses from the City of Atlanta to sell in the operation of their businesses distilled spirits and alcoholic beverages by the drink for consumption on the premises, sought to restrain the defendants from interfering with their right to sell such beverages between the hours of midnight Saturday and 2 a.m. Sunday and prayed for a judgment declaring their rights under the city ordinance and the laws of the State.

Peyton S. Hawes, Revenue Commissioner of Georgia, alleging that he is charged with the duty of administering and enforcing the laws relative to the sale of alcoholic beverages in the State, filed his petition to intervene and to be made a party in said case.   This petition was granted.

The defendants and Commissioner Hawes filed separate motions to dismiss the plaintiffs' petition.   The trial court sustained all of these motions.   The plaintiffs appealed this adverse decision to the Supreme Court of Georgia.   This court, holding that it was without jurisdiction to entertain the appeal, transferred the case to the Court of Appeals.   See *Dinkler v. Jenk-*

*ins,* 223 Ga. 807 (158 SE2d 381). That court on a review of the case held (with four Judges dissenting) that the trial court erred in sustaining the defendants' and Commissioner Hawes' motions to dismiss the petition. *Dinkler v. Jenkins,* 118 Ga. App. 239 (163 SE2d 443). Commissioner Hawes filed his petition in this court for the grant of the writ of certiorari to the Court of Appeals. We granted the writ.

■ Carling L. Dinkler, Jr., respondent, moves to dismiss the petition for certiorari on the grounds (a) that there were fourteen additional party appellants in this case in the Court of Appeals who are not named as party respondents in this court and these are necessary parties for a review of the judgment of the Court of Appeals, (b) that Peyton S. Hawes, as State Revenue Commissioner, has no standing to complain of the judgment of the Court of Appeals and is not an "aggrieved party" and, (c) that this court is without jurisdiction to entertain a petition for certiorari where only one appellee out of five appellees in the Court of Appeals complains of the judgment of the Court of Appeals.

None of these grounds shows cause for the dismissal of the petition. (a) The only rules of procedure for reviewing a decision of the Court of Appeals by the writ of certiorari as authorized by Art. VI, Sec. II, Par. IV of the Georgia Constitution (*Code Ann.* § 2-3704) are Rules 47-57 of this court. See 220 Ga. 919-921.

Rule 49 provides in part: "Unless waived, service of notice of the date of the filing of the petition [for certiorari], together with a copy of the petition, and briefs, if any, in support of the same, shall be made on counsel for the respondent within three days after such date; the briefs, if any, for respondent shall be filed within five days of such service. Service of the application, the briefs and notice of date of filing by mail shall be sufficient."

The petition in this case for the writ of certiorari is entitled "Peyton S. Hawes, as State Revenue Commissioner vs. Carling L. Dinkler, Jr., et al." and contains the certificate of counsel for petitioner, Commissioner Hawes, that he served a copy of the petition together with a notice of the date of the filing upon each of the fifteen appellants in the Court of Appeals by mailing a

copy to their attorney of record. The record shows that Rule 49 was complied with and all of the parties in the Court of Appeals are now parties here.

(b, c) The motion to dismiss of Peyton S. Hawes, State Revenue Commissioner, having been sustained in the trial court and this judgment having been reversed by the Court of Appeals, Commissioner Hawes is an "aggrieved party." This judgment operates to his injury in his official capacity which charges him by law to administer and enforce the Alcoholic Beverage Control Act of 1938. Commissioner Hawes' right to petition this court for the writ of certiorari cannot be defeated because the other appellees in the Court of Appeals did not also petition for the writ.

■ The record in this case discloses that the right of anyone to sell alcoholic beverages in the State of Georgia whether by the package or by the drink is by virtue of the Act of 1938, as amended (Ga. L. 1937-38, Ex. Sess., p. 103; *Code Ann. Ch.* 58-10), known as the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors." The Act as originally passed permitted the sale of such liquors only in packages and not by the drink. By referendum as provided for in the 1938 Act, said Act became effective in the City of Atlanta.

Section 14 of that Act (Ga. L. 1937-38, Ex. Sess., pp. 103, 118; *Code Ann.* § 58-1060) provides: "Any person who shall sell or offer for sale *any spirituous liquors* as herein defined on Sundays or election days shall be guilty of a misdemeanor and upon conviction shall be punished as for a misdemeanor as provided in section 27-2506." (Emphasis supplied.)

Section 28 of the Act (Ga. L. 1937-38, Ex. Sess., pp. 103, 123; *Code Ann.* § 58-1079) provides: "It shall be unlawful to sell *any liquor* in any of the counties specified by this Chapter between the hours of 12:00 o'clock, midnight, on Saturday night, until the hour of 12:00 o'clock, midnight, on Sunday night, at any time and at any time on election days.

"It is the purpose and intent of this section to prevent *the sale of liquor* on Sunday and election days, and any violation of same shall be a misdemeanor by the buyer and/or the seller." (Emphasis supplied.)

The 1938 Act was amended by Ga. L. 1964, p. 771 (*Code Ann.* § 58-1083) by adding Section 31 which reads in part as follows: "(a) Anything in this Chapter to the contrary notwithstanding, every county in the State of Georgia where the sale of distilled spirits or alcoholic beverages is authorized by law and which such counties have a population of 40,000 or more, according to the United States decennial census of 1960 or any future such decennial census, and any city or municipality in that part of such cities lying within such counties may, through proper resolution or ordinance, authorize the issuance of licenses to sell distilled spirits or alcoholic beverages for beverage purposes by the drink, said sales to be for consumption only on the premises."

Pursuant to the 1938 Act and its 1964 amendment, which were made effective in the City of Atlanta by virtue of a favorable referendum, the City of Atlanta enacted an ordinance authorizing the issuance of licenses to persons to engage in the sale of alcoholic beverages for consumption on the premises. Under such a license the holders were permitted to sell alcoholic beverages by the drink between midnight Saturday and 2 a.m. Sunday.

The Court of Appeals held that *Code* § 26-6105 making it an offense to keep open a tippling house "on the Sabbath day or Sabbath night" was not applicable in this case in that the above quoted words of the Code section embraced only that period from dawn on Sunday until Sunday midnight.

The provisions of sections 14 and 28 of the 1938 Act (*Code Ann.* §§ 58-1060, 58-1079) which prohibit the sale of alcoholic beverages on Sunday apply to the sale of such beverages by the drink for consumption on the premises as authorized under the 1964 amendment to the Act. Consequently, we disagree with the ruling of the Court of Appeals that: "The provisions of Ga. L. 1937-38, Ex. Sess., p. 103, prohibiting sales of liquor on Sunday (*Code Ann.* §§ 58-1079, 58-1060) apply only to sales authorized by that Act, such as sales of liquor in the unbroken package to be consumed off the premises, and do not apply to sales of liquor for beverage purposes by the drink for consumption only on the premises as authorized by Ga. L. 1964, p. 771, which empowers local governments to regulate the hours of sale." *Dinkler v. Jenkins*, 118 Ga. App. 239 (3), supra.

The 1964 amendment must be construed in relation to the original 1938 Act. "In construing a statute, certain presumptions must be indulged. In 59 CJ 1038, § 616, it is stated: 'All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.'" *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700 (10 SE2d 375).

The phrases and words of the 1964 amendment (Ga. L. 1964, p. 771) which provide: "(a) Anything in this Chapter [*Code Ann. Ch.* 58-10] to the contrary notwithstanding. . . (b) Every county and city as set forth in this section shall have the full power and authority to adopt all reasonable rules and regulations governing the qualifications and criteria for issuance of any such license and shall further have the power and authority to promulgate reasonable rules and regulations governing the conduct of any licensee provided for in this section, including but not being limited to the regulation of hours of business, types of employees, and other matters which may fall within the police powers of such municipalities or counties," do not show any repugnancy to the two sections of the 1938 Act which make the sale of any liquor on Sunday a criminal offense; but, on the contrary, the prohibition against the sale of liquor on Sunday contained in the 1938 Act is applicable to the 1964 amendment thereby applying to the sale of liquor by the drink for consumption on the premises.

The City of Atlanta cannot by ordinance authorize an act to be done which is expressly prohibited by State statute.

The petition of the respondents for injunctive relief and a declaration of their rights was properly dismissed by the trial court, and the Court of Appeals erred in reversing the trial court.

*Judgment reversed. All the Justices concur.*