## 48272. THE MOUSETRAP OF ATLANTA, INC. et al. v. BLACKMON.
## 48308. BLACKMON v. EXLEY.

EBERHARDT, Presiding Judge. The question presented in each of these appeals is whether the Revenue Commissioner is granted the power and duty by the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Ga. L. 1937-38, Ex. Sess., p. 103; Code Ann. Ch. 58-10), as amended by Ga. L. 1964, p. 771 (Code Ann. § 58-1083), to license the sale of alcoholic beverages for consumption on the premises. In case No. 48272, the lower court ruled that the Commissioner had been granted that power and duty, while in No. 48308 the lower court ruled that he had not. *Held:*

Section 8 of the Act (Code Ann. § 58-1022) provides, inter alia, that "The State Revenue Commissioner shall have the following powers and duties: . . . (b) To issue licenses provided for in this Act . . ." Section 9 (Code Ann. §§ 58-1023 through 58-1027) provides that "Licenses which may be issued under authority of this Act shall be as follows: (a) Manufacturers: . . . (b) Wholesalers: . . . (c) Retailers: A Retailer's license shall authorize the holder to sell only in the original and unbroken package or packages, which package or packages shall contain not less than one-half pint of distilled spirits or alcoholic beverages each, and shall not permit the breaking of said package or packages on the premises where sold, and shall not permit the drinking of the contents of said package or packages on the premises where sold. It shall be unlawful for any retailer as defined in this Act to allow or permit the breaking of said package or packages on the premises where sold and any violation thereof shall be a misdemeanor and the offender thereof shall be guilty of a misdemeanor, and upon conviction, be punished as for a misdemeanor." Thus under the original Act the Commissioner had no power to license the sale of alcoholic beverages for consumption on the premises, such sales being illegal.

The 1964 amendment (Code Ann. § 58-1083) provides: "(a) Anything in this Act to the contrary notwithstanding [certain counties and cities] may, through proper resolution or ordinance, authorize the issuance of licenses to sell distilled spirits or alcoholic beverages for beverage purposes by the drink, said sales to be for consumption only on the premises . . . (b) Every county and city as set forth in this Section shall have the full power and

authority to adopt all reasonable rules and regulations governing the qualifications and criteria for issuance of any such license . . . (c) Those persons who are duly licensed as wholesalers under the provisions of this Act shall be authorized to sell to any person or persons licensed as provided in this section, distilled spirits at wholesale, and the persons so licensed under this section shall be authorized to purchase such distilled spirits from a licensed wholesaler at wholesale."

This amendment grants no authority to the Commissioner to license the sale of alcoholic beverages for consumption on the premises, nor can such authority be found by construing the 1964 amendment in relation to the Act as required by *Hawes v. Dinkler,* 224 Ga. 785, 789 (164 SE2d 799).[1] Nowhere in the amendment does it purport to amend Sections 8 and 9 of the Act which allow the Commissioner to issue only manufacturers, wholesalers, and retailers (package store) licenses. As the trial court held in No. 48308, "The simple fact is that the General Assembly failed to give the Commissioner of Revenue the right to issue licenses for the sale of mixed drinks."

The lower court in No. 48272, reaching a contrary result, held that "the effect of the 1964 Amendment, in construing it in relation to the original 1938 Act is simply to broaden the definition of 'Retailer.' " However, the amendment does not use the term "retailer," which is defined in Section 5 (f) of the original Act as "any person, firm, or corporation engaged in selling, at retail, any distilled spirits or alcohol for beverage purposes, in *unbroken* packages." Code Ann. § 58-1011 (f). (Emphasis supplied). Under the lower court's line of reasoning, a "retailer" is one who, by virtue of the 1964 amendment, is authorized to sell liquor by the drink but who is, at the same time, prohibited from doing so by

---

[1]Although the license is patently not for revenue purposes only, whether it is the collection of a license fee or the levy or imposition of a tax, the statute is to be construed most strongly against the government and in favor of the citizen in determining whether its imposition is authorized. The scope of the statute in this respect is not to be extended by implication. *McIntyre v. Harrison,* 172 Ga. 65, 74 (157 SE 499); *Case-Fowler Lumber Co. v. Winslett,* 168 Ga. 808 (149 SE 211); *Standard Oil Co. v. Swanson,* 121 Ga. 412 (49 SE 262). The rule is different, of course, where the taxpayer seeks to come within an *exemption* from the tax. *Oxford v. J. D. Jewell, Inc.,* 215 Ga. 616, 619 (112 SE2d 601).

Section 9 (c) of the original Act. In the same vein, the Commissioner urges that the 1964 amendment enlarged upon the activities permitted to a person holding a state retail license so that a retailer so licensed could sell by the drink for consumption on the premises. But, as previously seen, the state retail license authorizes only package sales, and package store operators would be surprised to learn that under the 1964 amendment they could also legally operate a bar on their premises. That construction is obviously untenable.

The Commissioner also contends that contemporaneous administrative construction is significant in construing a statute, citing *Undercofler v. Eastern Air Lines,* 221 Ga. 824 (147 SE2d 436), and pointing out that he has consistently construed the 1964 amendment as requiring a license issued by him and that the General Assembly has met many times during the interim without changing this construction. While "in the interpretation of doubtful statutes, much weight will be given such administrative and legislative interpretations" (*Thompson v. Eastern Air Lines,* 200 Ga. 216, 224 (39 SE2d 225); *Undercofler v. Eastern Air Lines,* 221 Ga. 824, 832, supra), administrative construction should be restricted to cases in which the meaning of the statute is really doubtful and must be disregarded where its invalidity is apparent. *Standard Oil Co. v. State Revenue Commission,* 179 Ga. 371, 376 (176 SE 1); *Elder v. Home Bldg. & Loan Assn.,* 188 Ga. 113 (2) (3 SE2d 75, 122 ALR 738); *Suttles v. Northwestern Mut. Life Ins. Co.,* 193 Ga. 495, 515 (21 SE2d 695, 143 ALR 343); *Hawes v. Nashville &c. R. Co.,* 223 Ga. 527, 529 (156 SE2d 455); *Fulton County v. Holland,* 71 Ga. App. 455, 461 (31 SE2d 202); *Brown v. Quality Finance Co.,* 112 Ga. App. 369 (3) (145 SE2d 99); *State Farm Mut. Auto. Ins. Co. v. Barnard,* 115 Ga. App. 857, 858 (156 SE2d 148); *Warestores, Inc. v. Nash,* 125 Ga. App. 210, 212 (186 SE2d 806). In the instant case the authority of the Commissioner to issue licenses is specifically limited under Sections 8 and 9 of the Act which were not amended by the 1964 amendment,[2] and we must conclude that

---

[2]The Commissioner has now been granted this authority by Ga. L. 1973, p. 12, which amended Section 9 of the Act as follows: "Anything in this Act to the contrary notwithstanding, the State Revenue Commissioner, shall require a State license, under rules and regulations promulgated by him, for the sale of distilled spirits or alcoholic beverages, for consumption on the premises." This

the Commissioner's contrary construction can not alter these clear and explicit provisions. There can be no estoppel by the exercise of a power not conferred in the statute. Code § 89-903. Cf. *Standard Oil Co. v. State Revenue Commission,* 179 Ga. 371, 376, supra.

Since the statute is specific in its provision that the Commissioner may *"issue licenses provided for in this Act,"* and then proceeds in detail to describe and define the licenses which he may issue to (a) Manufacturers, (b) Wholesalers, and (c) Retailers, and further delimits what the licensee in each category may do or be authorized to do—none including the sale of mixed drinks or the sale of alcoholic beverages by the drink—it is inescapable that the Act does not, even as amended by the Act of 1964, extend to him the right or power to issue licenses to operators of places where mixed drinks are sold. *Inclusio unius est exclusio alterius.*

The Commissioner concedes that the Act, as amended, is "without specific provisions authorizing the Revenue Commissioner to issue mixed drink licenses." His position is that the authority must be extended by implication so that he may regulate those who engage in the sale of mixed drinks, and that licensing is the only means for regulating.

With this we cannot agree. We have pointed out that his inability to license does not impair his power to regulate under the authority of the Act, as amended. Code Ann. § 58-1001 et seq. He may impose sanctions, including fines and penalties, against one who violates the statute or his valid regulations whether the violator holds a license from the state or not. The courts are open to the Commissioner at all times. He may prosecute for criminal violations, and may obtain injunction against other violations. The threat of lifting or cancellation of a license is not and should not be the only effective means of enforcing valid regulations.

The tempest raised by discovery of absence in the statute of any authority to the Commissioner to require a license from those who sell mixed drinks shall soon pass. He has asked authority to require the license from the only body having power to grant it—the General Assembly—and it has been granted, effective July 1, 1973. This declaration of the law as it was written prior to the Act of 1973 works no great harm or catastrophe. That

amendment is effective July 1, 1973, and does not affect the instant proceedings.

demands may be made upon the Commissioner for refund of licenses heretofore required is of no consequence. See Code § 20-1007.

*Judgment reversed in No. 48272; affirmed in No. 48308. Bell, C. J., Hall, P. J., Quillian, Evans and Clark, JJ., concur. Pannell, Deen and Stolz, JJ., dissent.*

ARGUED JUNE 1, 1973 — DECIDED SEPTEMBER 10, 1973 — REHEARING DENIED OCTOBER 5, 1973 — ▮▮▮▮▮▮

*Wesley Asinof, Ernest Brookins,* for Mousetrap.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, H. Perry Michael, Timothy J. Sweeney, Gary B. Andrews, Assistant Attorneys General,* for Blackmon.

*Falligant, Doremus & Karsman, Stanley Karsman, Mitchell, Yancey & Fink, Robert L. Mitchell,* for Exley.

STOLZ, Judge, dissenting. These cases are controlled by *Hawes v. Dinkler,* 224 Ga. 785 (164 SE2d 799). It may be recalled that, when that case made its appearance in this court (*Dinkler v. Jenkins,* 118 Ga. App. 239 (163 SE2d 443)), a majority of the court (5-4) held that the prohibition against Sunday sales of liquor by the drink under Ga. L. 1937-38, Ex. Sess., p. 103, did not apply thereto because there was a distinction in classification between licenses for the sale of packaged liquor and liquor by the drink. Headnotes 3, 4 and 5. The Supreme Court granted certiorari and, in an unanimous opinion, reversed the Court of Appeals. In *Dinkler,* 118 Ga. App. 239, supra, p. 251, the point was made that the Act (Ga. L. 1964, p. 771) authorizing the sale of mixed drinks in certain counties and cities, did "not purport to change, to repeal, or to fit its provisions into any part of the 1938 Act but deals with a subject matter not previously covered by the Act" and that consequently "the Sunday-sale prohibitions of the 1938 Act did not apply, when enacted, to the sale of liquor by the drink, and that the 1964 Act does not extend the 1938 prohibitions to the sale of liquor by the drink authorized by the latter Act." Here, the majority seems to be saying that, since there were no licensing provisions in the 1938 Act for sales of liquor by the drink (the same being illegal at that time) and the 1964 Act makes no mention of state licenses or control of such, the State of Georgia, through the Revenue Commissioner, has no authority to license or control in any way

the sale of liquor by the drink.

In *Hawes v. Dinkler,* 224 Ga. 785, supra, p. 787, the Supreme Court held that "the right of anyone to sell alcoholic beverages in the State of Georgia whether by the package or by the drink is by virtue of the Act of 1938" and, at p. 789, that "[t]he 1964 amendment must be construed in relation to the original 1938 Act."

The caption of the 1964 amendment (Ga. L. 1964, p. 771) specifically provides that the same is "An Act to amend an Act known as the 'Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors,' approved February 3, 1938 (Ga. L. 1937-38, Ex. Sess., p. 103)."

The 1964 Act actually substituted its provisions relating to the sale of liquor by the drink as Section 31 of the 1938 Act in lieu of the original Section 31 (repealer clause) and redesignated the repealer clause as Section 32 of the 1938 Act. Clearly, the provisions of the 1938 Act apply to the 1964 amendment thereto.

The 1938 Act states in part on pp. 103, 108: "Section 8. The State Revenue Commissioner shall have the following powers and duties: . . . (b) To issue licenses provided for in this Act and to decline to issue any license to any person or corporation who in his reasonable discretion are not proper persons to have such permits. Any person, firm or corporation who after securing a permit as provided in this Act shall be convicted in a court of competent jurisdiction of selling or serving spirituous liquors on the premises in unbroken packages of any size shall immediately have their license revoked and it shall be mandatory on said State Revenue Commissioner to revoke said license. (c) To revoke or cancel for cause after hearing any license issued by him under authority of this Act. . . (e) To fix standards not in conflict with those prescribed by the laws of this State and of the United States . . . (h) To adopt and promulgate, repeal and amend such rules, regulations, standards, requirements and orders not inconsistent with this Act or any law of this State or of the United States as he may deem necessary *to control* the manufacture, *sale,* distribution, storage, or transportation of distilled spirits and alcohol in accordance with the provisions of this Act, and the conditions under which same may be withdrawn from said warehouses and distributed." (Emphasis supplied.)

The licensing provisions promulgated by the State Revenue Commissioner herein complained of are obviously for the purpose of regulating liquor by the drink sales. The license fee charged is

merely incidental thereto. Once the sale of liquor by the drink became lawful in this state, the Revenue Commissioner was authorized, empowered, and duty bound to adopt and promulgate rules, regulations, standards, requirements and orders necessary to control the sale thereof. This statutory authority and obligation would of necessity include the implementation of reasonable licensing procedures and standards.

I would affirm the trial court in No. 48272 (Mousetrap) and reverse the trial court in No. 48308 (Blackmon), and therefore dissent. I am authorized to state that Judges Pannell and Deen join in this dissent.