## 34740, 34741. DEKALB COUNTY et al. v. HINSON et al. (two cases).

UNDERCOFLER, Presiding Justice.

DeKalb County appeals from a judgment ordering that mandamus issue in favor of the DeKalb County Board of Education directing the County to pay to appellee one-half of the net revenues collected from a three percent excise tax collected from the sale of mixed drinks.[1] The board of education claimed a clear legal right to the revenues under Ga. L. 1972, p. 1490, a local constitutional amendment to Art. VIII, Sec. VII, Par. I of the Constitution of Georgia of 1976 (Code Ann. § 2-5501).

---

[1] Case No. 34740, the main appeal, is from an order of December 20, 1978, granting the writ of mandamus in favor of the Board of Education following a hearing upon stipulations of fact (to be later reduced to writing and filed with the court). Notice of appeal from this order was filed on December 22, 1978, noting the stipulations of fact would be forthcoming. However, counsel thereafter could not agree as to what the stipulations were. The December term of court ended. On January 16, 1979, a hearing on a motion for completion of the record, filed by the county, was held. The court denied this motion on the grounds that a final order had already been rendered and that the motion contained matters not relevant or material to the case. A separate notice of appeal was filed from the January 16, 1979, order. This appeal is represented by Case No. 34741.

The County contended the revenue-sharing authority granted by the 1972 constitutional amendment did not apply to future legislation authorizing collection of excise tax revenue from the sale of mixed drinks. Ga. L. 1977, p. 744 (Code Ann. § 58-1087).[2,3] We affirm.

[2] The pertinent part of Ga. L. 1972, p. 1490, relied upon by the DeKalb County Board of Education, reads: "Any other provisions of this Constitution to the contrary notwithstanding, the governing authority of DeKalb County in the unincorporated area thereof and the governing authority of each municipality located wholly within *the County shall have the authority to charge taxes on the wholesale sale and to levy excise tax and licenses, or both, on the retail sale of alcoholic beverages, liquor, malt beverages and wines sold, dispensed or delivered within the territorial limits of such municipality and the unincorporated area of the County;* provided, however, that said authority shall not be exercised in conflict with any valid general laws of this State; this authority shall apply to any power now requiring the sale and control of such beverages or may be approved in a referendum by the voters affected; . . .

"The governing authority of the unincorporated area of DeKalb County and of each municipality lying wholly within *the County, shall from the revenues received from each respective area, pay over to the DeKalb County Board of Education,* or if any incorporated area lying wholly within the County has an independent school system, to the Board of Education of its system, *one-half of the net revenues collected from the legalizing, controlling, licensing and taxing of the wholesale and retail sale of said beverages generated from each area.* The monies derived by said Boards of Education from licenses and taxes hereunder may exceed the millage rate authorized by this Constitution to be levied for educational purposes and the monies derived hereunder by each such Board of Education shall be spent exclusively for educational purposes within the respective areas." (Emphasis supplied.) The voters in DeKalb County ratified this local constitutional amendment on November 7, 1972.

[3] The County relies upon the language of Ga. L. 1977,

1. The trial court correctly held that taxes collected on the sale of mixed drinks under authority of the 1977 general statute (Ga. L. 1977, p. 744; Code Ann. § 58-1087) must be distributed according to the mandate of the local constitutional amendment (Ga. L. 1972, pp. 1490-1493; Code Ann. § 2-5501). The italicized language of the 1972 constitutional amendment (see footnote 2) is controlling.

We hold the authority to tax and the duty to distribute net revenues to eligible boards of education applies to existing law and to any future law extending the legalization, taxing and controlling of such beverages in any manner. We also construe the language of the constitutional amendment, i.e., " . . . the retail sale of alcoholic beverages, liquor, malt beverages and wines sold, dispensed or delivered . . ." to include mixed drinks. Under these holdings, the 1977 county ordinance levying a three per cent excise tax upon alcoholic beverages sold in the county and dispensed as mixed drinks clearly falls within the language of the 1972 constitutional amendment and net revenues collected must be shared with the DeKalb County Board of Education. The holding in *Mousetrap of Atlanta v. Blackmon,* 129 Ga. App. 805 (201 SE2d 330) (1973) relied upon by appellant is inapposite. There is no error in Case No. 34730.

2. We also hold the trial court properly declined to grant appellant's motion to complete the record or permit the introduction of evidence concerning an alleged surplus accumulated by the DeKalb County Board of Education.

---

p. 744 (Code Ann. § 58-1087), which reads: "The governing authority of each county in this State in which the sale of distilled spirits or alcoholic beverages for beverage purposes by the drink is permitted, shall be authorized to impose, levy and collect an excise tax upon the sale of such beverages, excluding such sales of fermented beverages made whole or in part from malt, or any similar fermented beverage. No such tax shall exceed three per cent of the charge to the public for such beverages." This general statute, effective March 23, 1977, was added to the Georgia Code, Ch. 58, "Intoxicating Liquors."

Appellant contends a comment by the board of education's attorney during the hearing that a surplus existed and the board was proud of it should have been stipulated for the record. The counsel for the school board contended such comment was irrelevant and the court concurred with him. The disagreement was the sole basis for appellant's motion for completion of the record and for a hearing to introduce evidence establishing the existence of the surplus. Under the local constitutional amendment ratified by the voters of DeKalb County on November 7, 1972, the DeKalb County Board of Education was permitted to receive additional revenues for school purposes other than from ad valorem taxes. See footnote 2; *City of Lithonia v. DeKalb County Bd. of Ed.*, 231 Ga. 150 (200 SE2d 698) (1973). Evidence as to the existence of a "surplus" and as to the legal effect of the presence of a surplus upon the deliberations of the Board of Commissioners when approving the annual budget of the school board was irrelevant and properly excluded. There was no error in Case No. 34741.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents as to Division 1.*

ARGUED APRIL 10, 1979 — DECIDED MAY 8, 1979.

*George P. Dillard, Gail C. Flake,* for appellants.
*Weekes, Candler, Sams & Weatherly, Gary M. Sams, R. Philip Shinall, III,* for appellees.