ELDER, revenue collector, *v.* HOME BUILDING AND LOAN ASSOCIATION.

**114**

· *J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for plaintiff in error.

*William Wallace Lyons,* contra.

Briefs for persons at interest, not parties, by *Candler, Cox & Mc-Lamb, McElreath, Scott, Duckworth & DuVall, J. L. R. Boyd, W. J. Parker, Crenshaw, Hansell & Gunby, J. H. Boman Jr., Hendrix & Buchanan, Clifford Hendrix, J. H. Highsmith, H. H. Whelchel, Jones & Atkinson, J. A. McCurdy Jr., J. P. Atkinson, Sapp & Barnes, Love & Fort, Foley & Chappell, W. A. Leonard, F. S. Lytle Jr., Aubrey Matthews, O. E. Bright, Perry Brannen, J. B. Baum Jr., D. R. Cumming, Erwin & Nix, J. G. Giles, E. C. Stark, Y. A. Henderson,* and *C. C. Crockett.*

DUCKWORTH, Justice. The Home Building and Loan Association, a corporation of Fulton County, brought its petition against Riley F. Elder as revenue collector and ex-officio marshal of the City of Atlanta, seeking to enjoin the enforcement of and to cancel a certain tax execution issued by the City against the petitioner for the year 1935, on the ground that such execution represented taxes assessed on the capital of petitioner loaned to members, which was claimed to be exempt from taxation by the provisions of the Code, § 92-2407. Petitioner alleged that it was a mutual building and loan association operating only in the county of its charter, and limiting its loans to stockholders or members. It admitted that it owed a small portion of the taxes claimed, but alleged that it did not know the amount thereof and would pay same when it learned the amount. The court granted an injunction, and the case was appealed to this court. This court reversed the judgment on the ground that it did not appear that plaintiff had paid or tendered the taxes admitted to be due. 185 *Ga.* 258 (194 S. E. 745). Before the remittitur from this court was made the judgment of the trial court, the plaintiff amended by striking the admission that it owed some amount, and alleging that it had paid all taxes due for the year 1935, and that it owed none of the taxes now sought to be collected. It alleged the manner of its operation.

The defendant demurred on the ground that the petition set forth no cause of action; and by demurrer and answer contended that Code § 92-2407 applies to State taxes only, and has no application to municipal taxes, and is unconstitutional because it violates art. 7, sec. 2, pars. 1, 2, and 4, of the constitution of the State (Code, §§ 2-5001, 2-5002, 2-5005). The case was tried by the court, by agreement, without the intervention of a jury. Judgment was rendered, overruling the demurrer, granting the injunction sought, and decreeing cancellation of the execution. The defendant excepted.

■ It is contended by the City of Atlanta that since Code § 92-2407 was a part of the general tax act of 1927 (Ga. L. 1927, p. 100), it is applicable only to State taxes; and that since it provides for no exemption from municipal taxes it has no application in the present case. While it is true that this Code section was originally a part of the general tax act of 1927, and makes no reference to exemption of property from municipal taxes, as contended, and might not have been applicable to municipal taxation when originally enacted, yet by an act approved March 24, 1933, the Georgia Code, embracing § 92-2407, was formally adopted by the General Assembly, and by that act this section of the Code was enacted into law. *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518) ; *Barnes* v. *Carter,* 120 *Ga.* 895, 897 (48 S. E. 387) ; *City of Cochran* v. *Lanfair,* 139 *Ga.* 249 (2) (77 S. E. 95) ; *Saunders* v. *Citizens First National Bank,* 165 *Ga.* 558 (142 S. E. 127). The Code section, being general in its terms, is a general law applicable alike to every taxing unit of the State, including municipalities.

■ The defendant in error contends that since the city attorney of Atlanta rendered to the city an opinion construing the statute involved, and holding it valid, and since the city has followed that opinion for a number of years, this court should give weight to such collateral interpretation and hold the statute valid. They cite, in support of this contention, *Wellborn* v. *Estes,* 70 *Ga.* 390 ; *Howell* v. *State,* 71 *Ga.* 224 (2-c) (51 Am. R. 259) ; McCaughn *v.* Hershey Chocolate Co., 283 U. S. 488 (51 Sup. Ct. 510, 75 L. ed. 1183) ; McFeely *v.* Commissioner of Internal Revenue, 296 U. S. 102 (56 Sup. Ct. 54, 80 L. ed. 83, 101 A. L. R. 304) ; Koshland *v.* Helvering, 298 U. S. 441, 445 (56 Sup. Ct. 767, 80 L. ed. 1268,

105 A. L. R. 756). We recognize the rule entitling such collateral interpretation to consideration by the court in passing on the constitutionality of a law; and where the invalidity of a statute is doubtful, it has much weight with the court in determining its validity; but, after all, the responsibility for determining the constitutionality of an act is by art. 6, sec. 2, par. 5 (Code, § 2-3005), and art. 1, sec. 4, par. 2 (§ 2-402), of the constitution, imposed upon the courts. Where the statute involved clearly contravenes provisions of the constitution, the duty rests upon this court to hold it invalid, and we are not authorized under the constitution to shift that responsibility by accepting an interpretation by administrative officers construing it to be valid.

■ The only constitutional provisions authorizing the General Assembly to exempt property from taxation are found in art. 7, sec. 2, pars. 2 and 2-a (Code, §§ 2-5002, 2-5003). Furthermore, art. 7, sec. 2, par. 4 (§ 2-5005), provides that any law exempting property from taxation, other than the property enumerated in the above constitutional provisions, shall be void. The property here sought to be taxed is debts evidenced by notes, and is not embraced in the properties which the constitution authorizes the General Assembly to exempt from taxation. Such property is embraced in the personal property defined in the Code, § 92-102, as property subject to taxation. It follows that since the Code, § 92-2407, exempts from taxation property made subject to taxes by § 92-102, supra, and since such property is not embraced in that which the constitution authorizes to be exempted from taxation, the statute offends the constitution and is void. The particular language of the statute that offends the constitution is as follows: "Mutual building and loan associations operating only in the counties of their charters, and limiting their loans to members, shall not be assessed on their capital loaned to stockholders or members thereof." In borrowing money from the association the stockholder or member acts as an individual dealing with a lender with which he has no connection in the particular transaction. The member can not contract with himself. The obligation of the member to the association for the loan made to him, whether evidenced by note or an account, is an asset of the corporation, and the corporation has the right and power to enforce payment by suit and judgment against such member. It constitutes property which has a value, and is subject to

taxation; and the city should not be enjoined from collecting taxes thereon. *Atlanta National Building & Loan Association* v. *Stewart*, 109 *Ga.* 80 (35 S. E. 73); *Georgia State B. & L. Association* v. *Savannah*, 109 *Ga.* 63 (35 S. E. 67).

■ It is argued for the defendant in error that the statute involved does not exempt property from taxation, but simply exempts it from double taxation; and that all the property sought to be taxed in the instant case consists of notes of the stockholders of the corporation for loans made to them by the corporation and secured by mortgages on real estate on which the borrowing members are required to pay taxes. *Georgia Railroad &c. Co.* v. *Wright*, 125 *Ga.* 589 (54 S. E. 52), and *City of Moultrie* v. *Moultrie Banking Co.*, 177 *Ga.* 714 (171 S. E. 131), are relied on. An examination of these cases discloses that in the former it was held that where the statute required a domestic corporation to return all of its property for taxation, the shares of stock in the corporation held by the individual stockholders were not subject to taxation. The court held that since the stock had no intrinsic value and was dependent entirely on the assets of the corporation for whatever value it had, when these assets had been taxed in the hands of the corporation a tax on the stock would constitute a double tax on these assets. We have no such facts in the instant case. While the mortgages securing the debts here taxed have no intrinsic value, and their entire value is derived from the value of the real estate which they embrace, and since the real estate is taxed and to place a further tax upon the mortgage would, under the *Wright* case, supra, constitute double taxation, yet there is no attempt to tax mortgages in the instant case; for the tax is upon the debts of the mortgagors owned and held by the mortgagee, without regard to whether the debt is secured or unsecured. The debts are not dependent on the value of the real estate embraced in the mortgages for their value, but derive value from the responsibility of the debtor, and constitute a charge against him which may be collected and satisfied out of property later acquired by the debtor. It thus clearly appears that the *Wright* decision is not controlling and has no application here. In *City of Moultrie* v. *Moultrie Banking Co.*, supra, the statute (Code, § 92-2406) was properly sustained. That statute, although providing that banks are not required to pay tax upon their capital, expressly requires that the

holders ·of the stock of such bank shall pay taxes on said stock at its full value, including surplus and undivided profits. It is plain that when under that statute a tax has been paid on the full value, including surplus and undivided profits, of the stock of the corporation, every asset of the bank has been taxed; and therefore the provision of the statute to the effect that the bank itself shall not be required to again pay taxes on these same assets is not an exemption of property from taxation, in violation of the constitution. In its final analysis, that statute simply directs who shall pay the tax. We have no such questions in the present case; for, as has been stated, the statute here involved expressly .exempts from taxation whatever debts are held by the association; and they, being property, can not be so exempted under the constitution.

The governments in this State are supported by taxes, and the constitution commands that all property within the State which the constitution does not expressly authorize the legislature to exempt must bear its equal share of the burden of supporting the governments. To exempt from taxation property made subject to taxes is to increase to that extent the burden of all other property that is taxed, and to do this would not only be unequal and unjust but would, we think, be getting about as near double taxation as can be reached without having it pure and simple. If it be said that the creditor will pass the tax on the debt to the shoulders of the debtor and thus impose a double tax upon him, we reply that if such is done it will be by reason of voluntary agreement between the parties, and not because it is a burden upon him by the taxing authority, and his contract is subject to the restrictions imposed thereon by the usury statute.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*