### 46365. WARESTORES, INC. et al. v. NASH et al.

BELL, Chief Judge. This is a suit brought by appellants, Warestores, Inc., and the trustees of two employee pension trusts, to recover a tax on intangible personal property on the ground that taxes had been erroneously and illegally assessed and collected.

It is undisputed that appellant Warestores, Inc., issued long term promissory notes to the appellants, trustees of the respective employee pension trusts. Both of these trusts are exempt from Federal income tax under § 501 (a) (formerly § 165 (a)) of the Internal Revenue Code of 1954. The notes were secured by real property located in De-Kalb and Cobb Counties. The appellant Warestores paid under protest the tax imposed on the long term notes held by the trustees by Section 4 of the Intangible Property Tax Act of December 22, 1953 (Ga. L. 1953, Nov. Sess., pp. 379, 383; *Code Ann.* § 92-164). Warestores filed a claim for refund with the State Revenue Commissioner under Ga. L. 1956, p. 720 (*Code Ann.* § 92-178.2), which was denied.

We need not reach the question which is posed in the second enumeration concerning whether appellants have standing to sue, because assuming arguendo that they do, they (the appellants) are not entitled to any exemption from the tax imposed. They claim that they are exempt from the payment of this tax by virtue of the Act, approved March 3, 1953 (Ga. L. 1953, pp. 453, 454; *Code Ann.* § 92-123) which grants an exemption from including in the annual intangible property tax return and payment of the tax on all intangible personal property belonging to any trust exempt from Federal income taxes under § 165 (a) of the Internal Revenue Code. As previously noted, the statutory authority for the assessment of the tax in issue here is found in the Intangible Property Tax Act of 1953, a statute which was enacted after the provisions of law cited supra by which the appellants claim they were granted an exemption. The exemption from taxation must be strictly construed, and the exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that it was the intention of the legislature. *Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691, 693 (75 SE2d 550). Subsection 1 (a) of the Intangible Property Tax Act of 1953 imposes an annual tax on all personal property "classified for taxation as intangible property" by the Act to classify property for taxation, approved December 27, 1937, as amended (Ga. L. 1937-38, Ex. Sess., p. 156). Subsection 1 (b) exempts intangible personal property owned by pension trusts exempt from Federal income tax under Section 165 (a) of the Federal Internal Revenue Code from this annual tax imposed by subsection 1 (a). The tax in issue here is not the annual tax on intangibles under subsection 1 (a) but is a one time assessment under Section 4 on long term notes secured by real estate which is made at the time of recordation of the security instrument which secures the note. The exemption granted in the Act of March 3, 1953, supra, is an exemption from the annual taxation of intangibles, the very

same exemption granted by subsection 1 (b) of the Intangible Property Tax Act. The March 3, 1953 Act concerns the filing of annual intangible returns and exempts intangibles owned by pension trusts exempt from Federal income taxation from both returning the property and the payment of the annual tax on intangibles. Thus both Acts are consistent with one another and there can be no implied repeal of the earlier Act. Read together they show a clear intention of the legislature not to exempt long term notes secured by real estate from the tax imposed at time of recordation of the security instrument.

Section 18 of the Intangible Property Tax Act states: "Notwithstanding any other provision of this Act to the contrary, it is the intention of the General Assembly of Georgia that long term notes secured by real estate shall be taxed."

*Judgment affirmed. Deen, J., concurs. Pannell, J., concurs in the judgment only.*

ARGUED JUNE 28, 1971—DECIDED NOVEMBER 30, 1971—REHEARING DENIED DECEMBER 17, 1971—

*King & Spalding, Jack H. Watson, Jr., Herschel M. Bloom,* for appellants.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Edwards, Bentley, Awtrey & Parker, A. Sidney Parker,* for appellees.

ON MOTION FOR REHEARING.

The appellants contend on motion for rehearing that this court has overlooked certain opinions of the Attorney General and the rule on the weight to be given them set forth in *Undercofler v. Eastern Air Lines,* 221 Ga. 824 (147 SE2d 436) and *Thompson v. Eastern Air Lines,* 200 Ga. 216 (39 SE2d 225). Quite to the contrary, the administrative opinions of the Attorney General and the above cases were considered by the court in rendering our original opinion in this case. The opinions of the Attorney General relied upon

by the appellants and the rule pronounced in *Undercofler* and *Thompson* have no applicability to this case. Contrary to appellants' contention, the Attorney General's opinions on this subject have not consistently stated that pension trusts are exempt from payment of this tax. Indeed, they have been quite inconsistent. It is a fact that each of the two Attorneys General concerned with the question has expressed opinions that pension trusts are *not* exempt. See Opinions of the Attorney General (Eugene Cook)—1963— June 14, 1965, Intangibles Tax, p. 585 and Ibid (Arthur Bolton) 1970, Re: Intangible Taxes (3), p. 75. It is also true that an opinion to the contrary was expressed by the late Attorney General Eugene Cook. See Ibid 1954-56, Intangible Tax—Non-profit Organization, pp. 797-798. However, even if these various administrative opinions had been consistent (which we have shown they were not), the rule that these opinions are persuasive and will be given great weight would not apply in this case. That rule only applies in the interpretation of a doubtful statute. The statutes here are clear and permit only the interpretation which we have applied, i. e., that no exemption was granted pension trusts from the payment of the tax imposed by Section 4 of the Intangible Property Tax Act of 1953 by any of the statutes involved. A legislative intent to levy the tax is manifest. See Section 18 of the Act. Thus, any administrative interpretation which might have been to the contrary could not be followed in determining the issue here. *Standard Oil Co. v. State Rev. Comm.,* 179 Ga. 371 (176 SE 1); *Elder v. Home Building &c. Assn.,* 188 Ga. 113 (2) (3 SE2d 75, 122 ALR 738); *Suttles v. Northwestern Mut. Life Ins. Co.,* 193 Ga. 495 (19 SE2d 396).

*Motion for rehearing denied. Bell, C. J., Pannell and Deen, JJ., concur.*