47136. FIELDING et al. v. DRIGGERS et al.

CLARK, Judge. Plaintiffs appeal from a verdict for defendants in three cases which were consolidated for trial. Fielding was a 15-year-old passenger on a motorbike driven by 15-year-old Doug Weirauch owned by the latter's father (these are the three plaintiff-appellants) which was run into from the rear by a truck resulting in personal injuries to the two youngsters and these suits against the driver and his employer.

1. It appears young Weirauch had a learner's license and was in violation of the statutory requirement that "the holder of a learner's license shall, at all times, be accompanied by a licensed operator or chauffeur who is 21 years of age or over." Code Ann. § 92A-405. Evidence was admitted concerning this violation and the jury was charged that such act was negligence per se. The trial judge declined to charge as requested by plaintiffs that unless this had a proximate causal connection with the accident, it would not be actionable negligence.

In accord with a number of rulings by this court we held in Butts v. Davis, 126 Ga. App. 311, that the absence of a proper driver's license is not a ground of negligence where it does not appear such failure had any causal connection. We there cited the cases of Aycock v. Peaslee-Gaulbert &c. Co., 60 Ga. App. 897 (5 SE2d 598); Etheridge v. Guest, 63 Ga. App. 637 (12 SE2d 483); Windsor v. Chanticleer & Co., 89 Ga. App. 116 (78 SE2d 871); Brown v. Sheffield, 121 Ga. App. 383 (173 SE2d 891); Western & A. R. v. Reed, 35 Ga. App. 538, 544 (134 SE 134) and Seaboard C. L. R. Co. v. Zeigler, 120 Ga. App.

276 (170 SE2d 60). We differentiated those cases which involved negligent entrustment, generally a bailment situation, which were *Hertz Driv-Ur-Self Stations v. Benson,* 83 Ga. App. 866 (65 SE2d 191); *Medlock v. Barfield,* 90 Ga. App. 759 (84 SE2d 113); and *Roebuck v. Payne,* 109 Ga. App. 525 (136 SE2d 399).

During the oral argument we called some of these citations to counsel's attention. Although appellee has provided us with an eloquent supplemental brief seeking to differentiate those cases cited in the previous paragraph from the present situation and argues that this requirement of law was enacted for the purpose of promoting safety on the highways and for the benefit of users of the highways, we believe the proper rule to be that the absence of a proper driver's license is irrelevant and not admissible unless there is a proximate causal connection. Therefore, the trial court erred in this respect.

2. Error is contended in the admission over objection of testimony which indicated the motorcyclist failed to reduce his speed when passing an intersection at which there was an inoperable caution light located only one block prior to the collision scene. "The admissibility of evidence of a rate of speed of an automobile at a time and place other than the place of collision (or immediately prior thereto) depends upon the facts of each case, and rests largely in the discretion of the trial judge." *Lovejoy v. Tidwell,* 212 Ga. 750 (95 SE2d 784). Accordingly, it was ruled in *Myrick v. Alexander,* 101 Ga. App. 1, 4 (112 SE2d 697) that evidence closely related to the time and as a part of the same occurrence is admissible. The connection in time and place here was sufficiently close and the trial judge properly permitted the testimony to be given.

3. On cross examination of the motorcyclist, testimony was admitted over objection that the appellant father had previously instructed his son never to ride his motorcycle on the main highway. The objection was properly overruled as it would have been admissible under the provi-

sions of *Code* § 38-302 to explain conduct with the jury giving such weight to this testimony as it deems proper. See *Southern R. Co. v. Tudor*, 46 Ga. App. 563 (168 SE 98).

4. Because of the error discussed in the first portion of, this opinion the motion for new trial should be granted.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED MAY 5, 1972—DECIDED MAY 24, 1972.

*Jim Hudson*, for appellants.
*Erwin, Epting, Gibson & Chilivis, Eugene A. Epting*, for appellees.

