55005, 55089. JENKINS v. VAUGHN; and vice versa.

SMITH, Judge.
Jenkins, the appellant, contends the trial court erred in allowing appellee to introduce evidence of and recover for her medical expenses and losses of earnings incurred as a result of an automobile collision. Appellant and appellee (appellee by cross appeal) allege the court entered a judgment which erroneously attached a qualification onto the jury verdict. We affirm with direction.

Appellant and appellee were the respective drivers of two cars involved in a collision. Appellee, the plaintiff below, was driving a car owned by her boyfriend, who had failed to maintain the minimum amount of insurance coverage mandated by § 3 of the Motor Vehicle Accident Reparations Act. Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204 (Code Ann. § 56-3403b). The jury returned a verdict in favor of appellee in the amount of $10,000. The trial court entered a judgment which ordered: "based upon the verdict of the jury, Plaintiff shall have judgment against Defendant in the sum of $10,000. However, of the sum of $10,000, there is hereby specifically allocated and

reserved for payment by Defendant directly to the appropriate authorities of the State of Georgia all sums which have heretofore been paid by the State of Georgia, or any agency thereof, on behalf of Plaintiff for hospital expenses, and drug and medical expenses of any kind."

1. Appellant contends the trial court erred in submitting to the jury as evidence of recoverable damages those medical expenses and earnings losses which appellee incurred as a result of the collision, and which, had the car driven by appellee been properly insured, appellee could have recovered under "no-fault" insurance. Motor Vehicle Accident Reparations Act, § 3, supra. We refuse to hold that the failure of appellee's boyfriend to maintain proper insurance coverage precludes appellee from recovering to the extent of her rights under tort law. See *Fielding v. Driggers,* 126 Ga. App. 365 (1) (190 SE2d 601) (1972).

2. The State of Georgia was not a party to this action; nor was there any evidence introduced that the state or any agency thereof had paid for medical expenses incurred by appellee. That portion of the court's order reserving a part of the $10,000 verdict for payment to the state is impermissible, as it is a variation of the verdict, and it must be stricken. *Wimberly v. Medaris,* 143 Ga. App. 805 (240 SE2d 200) (1977).

*Judgment affirmed with direction to the court to enter a judgment in accordance with the jury verdict. Deen, P. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1978 — DECIDED APRIL 6, 1978 — REHEARING DENIED JULY 25, 1978 IN CASE NO. 55005 —

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellant.
*Robert L. Herman, Paul C. Myers,* for appellee.

ON MOTION FOR REHEARING.

Contrary to appellant's contention, § 10 (b) of the Motor Vehicle Accident Reparations Act (Ga. L. 1974, pp. 113, 121; Code Ann. § 56-3410b(b)) supports our decision.

That section provides: "Any person *eligible* for economic loss benefits described in Section 3, subsection (b) of this Act is precluded from pleading or recovering in an action for damages against a tortfeasor, those damages *for which compensation is available* for economic loss under said Section . . ." (Emphasis supplied.) If the vehicle in which appellee was riding was uninsured, then she was *not* an "eligible" person. Compensation under Section 3(b) (Code Ann. § 56-3403(b) was *not* available, and the § 10b preclusion of recovery was *not* operative. Furthermore, § 8 (b) (Code Ann. § 56-3408(b)) disallows the payment of "no-fault" benefits only to an *owner* injured while occupying his uninsured vehicle.

Without citing any contrary authority, and without contributing any constructive argument, counsel for the appellant has assailed our opinion as "illogical," "unclear," and "unscholarly." This motion brings to mind the apparently timeless advice of the Roman orator, Marcus Cicero: "When you have no basis for an argument, abuse the plaintiff." Pro Flacco, 59 B.C. We may stand abused, but the rehearing stands denied.

*Motion for rehearing denied.*