## 57862, 57863. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. LANDSKROENER; and vice versa.

DEEN, Chief Judge.

1. State Farm appeals from the grant of a partial summary judgment to its insured in its declaratory judgment action involving a no-fault automobile insurance claim. The defendant insured contends that the exclusionary clause in the policy on which State Farm relies is void as contrary to the Georgia Motor Accident Reparations Act of 1974, Code § 56-3401b et seq.

The policy states it will pay certain PIP benefits "in accordance with the Georgia Motor Vehicle Accident Reparations Act of 1974 . . . incurred with respect to bodily injury sustained by an eligible person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle . . ." "Eligible Injured Person means (a) a named insured who sustains bodily injury while occupying . . . any motor vehicle . . ."

However, the policy excludes from coverage "bodily injury sustained by any person while operating . . . a motor vehicle owned by the named insured *or any relative* with respect to which security is required by the Georgia Motor Vehicle Accident Reparations Act, and such vehicle is not an insured vehicle." (Emphasis supplied.) The Georgia Motor Vehicle Accident Reparations Act of 1974 (Ga. L.

1974, p. 113 et seq.; Code § 56-3401b et seq.) requires (Code § 56-3407b) that an insurer shall pay benefits for loss resulting from "(a) accidental bodily injury sustained . . . by the insured . . . while occupying any motor vehicle." There is, however, a statutory exclusion, Code § 56-3408b (b), as follows: "Basic no-fault benefits shall not be payable to or on behalf of any person who sustains accidental bodily injury . . . (b) while occupying a motor vehicle owned *by such person* which is not insured for the benefits required by this Chapter." (Emphasis supplied.)

It is thus clear that under the statute a named insured of a policy providing no-fault benefits is under the Act entitled to certain protection such as payment of medical bills regardless of fault while occupying any automobile except an uninsured automobile belonging to the owner. The policy, on the other hand, excludes such an insured while occupying either the owner's automobile (presumably a second vehicle which is uninsured) or that of "the named insured or any relative." It is obvious that the exclusion in the policy is broader than that provided by statute although the policy also undertakes to pay benefits in accordance with that same statute. "Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and in case of conflict between the policy and the statutory provisions, the latter control. *Employers Liability Assurance Corp. v. Hunter,* 184 Ga. 196, 202 (190 SE 598)." *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 807 (147 SE2d 424) (1966). "As to insurance policies it has been held time and again that the statute, not the policy, controls." *Garber v. Am. Mut. Fire Ins. Co.,* 131 Ga. App. 366 (3) (206 SE2d 86) (1974). We find no "flagrant injustice" in interpreting the policy in accord with the mandate of the statute which it professes to follow.

2. The defendant, Mrs. Landskroener, carried no-fault insurance with the appellee on her own automobile, but at the time of the collision she was driving an automobile belonging to her husband, which car was not insured. Under the language of the statute this does not exclude the insured from coverage although if the uninsured car had belonged to her it would have done so. Under the policy exclusionary language she is excluded

because the uninsured vehicle belongs to a "relative." The insurer argues among other things that since under Code § 56-3403b it is a misdemeanor to knowingly operate a motor vehicle not insured under the Act any other conclusion than that coverage is excluded would be to extend coverage to the commission of an unlawful act. The statute requires *scienter;* nothing here indicates that the insured *knew* of lack of coverage, from which it follows that the statute is not under any view of the case relevant.

It is also contended, citing Code § 53-510, that medical expenses are a necessity, and that the husband is legally obligated for his wife's debts, so that if the husband cannot collect neither can the wife. Neither the Act nor the policy requires a showing of payment by the insured in order to recover, and again the insurer is attempting to read something into the statute which is not there. The court properly entered its judgment in favor of the insured.

3. By cross appeal the insured contends that the trial court erred in granting the insurer's motion for summary judgment. From what has been held above, it is obvious that this judgment was error.

*Judgment affirmed in Case No. 57862. Judgment reversed in Case No. 57863. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

Argued May 8, 1979 — Decided June 13, 1979.

*Powell, Goldstein, Frazer & Murphy, Morris Weinberg, Jr., Eugene G. Partain,* for appellant.

*Cohen, Mackin & Pollock, Kenneth C. Pollock,* for appellee.