## 57523. BRADFORD v. DAVIDSON.

CARLEY, Judge.
 Once again we are called upon to determine the effect upon traditional tort law concepts of certain provisions of the Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, p. 113). Plaintiff-appellant brought an action for damages against defendant-appellee in Clayton Superior Court seeking recovery as result of injuries sustained by appellant when an automobile owned and operated by appellant was struck in the rear by an automobile operated by appellee.
 Plaintiff alleged that she was entitled to recover general damages for pain and suffering and special damages including property damage to her automobile, medical expenses and loss of earnings. It was undisputed that defendant was not exempt under Code Ann. § 56-3410b (a) from liability to plaintiff for noneconomic damages (pain and suffering) since it was stipulated that plaintiff had incurred medical expenses in excess of $500; thus the "serious injury" criteria of Code Ann. § 56-3402b (j) was satisfied.
 However, on defendant's motion, the trial court ruled that plaintiff was precluded from recovering "economic" damages which are payable directly to an insured under the basic benefits policy required by § 3 of the Act (Code Ann. § 56-3403b). Plaintiff's economic damages included

medical expenses in the amount of $814 and lost earnings claimed to be the sum of $600. Although the only indication in the record concerning insurance coverage or lack thereof on plaintiff's vehicle is plaintiff's counsel's statement to the trial court during argument on this issue that plaintiff's no-fault carrier had denied coverage, it was stipulated that plaintiff has not received payment for these economic losses.

The defendant admitted liability, the court directed a verdict in favor of the plaintiff as to her right to recover and the case proceeded to trial solely as to the amount of damages to be recovered by plaintiff for property damage and for noneconomic loss, i.e., general damages: pain and suffering. The jury returned a verdict in favor of plaintiff in the amount of $2,000. The record was properly perfected as to the ruling of the trial court excluding evidence of economic loss so that the issue is preserved on appeal.

1. Defendant's position, which was adopted by the trial court, is that plaintiff cannot recover medical expenses and lost wages because "[a]ny person eligible for economic loss benefits described in section 56-3403b, subsection (b) is precluded from pleading or recovering in an action for damages against a tortfeasor, those damages for which compensation is available for economic loss under said section . . ." Code Ann. § 56-3410b (b). Defendant contends that since plaintiff was required to have and maintain minimum insurance coverage on her vehicle pursuant to Code Ann. § 56-3403b, plaintiff was "*eligible* for economic loss benefits described in section 56-3403b." (Emphasis supplied.) Plaintiff argues that because she did not have basic no-fault coverage, she was not "eligible" for these benefits.

In *Jenkins v. Vaughn,* 146 Ga. App. 801, 802 (247 SE2d 485) (1978), this court refused "to hold that the failure of appellee's boyfriend to maintain proper insurance coverage precludes appellee from recovering to the extent of her rights under tort law. See *Fielding v. Driggers,* 126 Ga. App. 365 (1) (190 SE2d 601) (1972)." In *Eidson v. Reagin,* 146 Ga. App. 814 (247 SE2d 486) (1978), we followed the rationale of *Jenkins* and held that a passenger in an uninsured car not owned by the passenger

was not barred from recovering damages otherwise available under tort law. However, neither *Jenkins* nor *Eidson* involved an owner-operator of the car such as plaintiff in this case. Defendant submits that this difference in the status of plaintiff from that occupied by the nonowner claimants in *Jenkins,* and *Eidson* requires adjudication that plaintiff cannot plead and recover against the defendant tortfeasor her medical expenses and lost earnings although the same have not been paid by any no-fault carrier. We disagree and hold that the construction of § 56-3410b (b) enunciated in *Jenkins* and in *Eidson* is equally applicable to plaintiff in this case.

Particularly illustrative is a portion of the ruling on the motion for rehearing in *Jenkins,* to wit: "If the vehicle in which appellee was riding was uninsured, then she was *not* an 'eligible' person. Compensation under Section 3(b) (Code Ann. § 56-3404 (b)[)] was *not* available, and the § 10b preclusion of recovery was *not* operative." *Jenkins v. Vaughn,* 146 Ga. App. 801, 803, supra. It is true that the same ruling on the motion for rehearing in *Jenkins* observed that § 8 of the Act (Code Ann. § 56-3408b) disallows the payment of "no-fault" benefits only to an *owner* injured while occupying his uninsured vehicle. However, viewing the Act as a whole, we think that — even as to an owner — Code Ann. § 56-3408b is not authority for excluding evidence of economic damages in a tort damage suit. On the contrary, that portion of the Act, as applied to the case at bar, is supportive of our construction of § 10 of the Act. Code Ann § 56-3408b provides that "[b]asic no-fault benefits shall not be payable to or on behalf of any person who sustains accidental bodily injury . . . while occupying a motor vehicle owned by such person which is not insured for the benefits required by this Chapter . . ." Since, by statute, no-fault benefits were not payable to plaintiff as owner of an uninsured vehicle, she is not "eligible" for those benefits. It follows that she is not precluded by Code Ann. § 56-3410b (b) from recovering economic damages against a tortfeasor.

2. Defendant argues in this court that all that has been stipulated is that plaintiff has not recovered basic no-fault benefits (medical expenses and lost wages) prior

to trial. Therefore, defendant contends that plaintiff has not shown whether, at the time of the collision, she had or did not have valid no-fault insurance coverage. However, as observed, the issue now on appeal was determined by the trial court out of the presence of the jury prior to the commencement of the trial and, at that time, plaintiff's counsel stated that plaintiff's PIP insurance carrier had denied coverage. Defendant offered nothing to contradict this assertion that, for whatever reason, plaintiff did not have any valid existing no-fault coverage which would pay to her the economic damages she seeks to recover against the defendant tortfeasor. Furthermore, it is obvious from the record that counsel argued and the court determined this issue upon the assumption that plaintiff did not have such coverage. In this connection, the trial court stated: ". . . however I believe the statute, as I read it, would preclude the owner who does not have the basic required insurance from maintaining the Court action for the benefits that would have been covered had she had the insurance, and therefore we will not go into those items of damages which would have been covered under what is known to be called no-fault . . ."

Assuming, therefore, that plaintiff did not have in force and effect any valid insurance providing minimum coverage as required by Code Ann. § 56-3403b, would the fact that it is a misdemeanor to knowingly operate a motor vehicle not insured under the Act vitiate plaintiff's claims in this case? We find that plaintiff's claim for economic damages is not barred on this basis. In the recent case of *State Farm &c. Ins. Co. v. Landskroener,* 150 Ga. App. 308 (1979), we considered Code Ann. § 56-3403b and the effect of a violation thereof. Although *Landskroener* dealt with an insured's claim under her policy, the rationale thereof is equally applicable here: "The insurer argues among other things that since under Code § 56-3403b it is a misdemeanor to knowingly operate a motor vehicle not insured under the Act any other conclusion than that coverage is excluded would be to extend coverage to the commission of an unlawful act. The statute requires *scienter;* nothing here indicates that the insured *knew* of lack of coverage, from which it follows that the statute is not under any view of the case relevant." *State Farm &c.*

*Ins. Co. v. Landskroener,* supra. As in *Landskroener,* nothing in this record shows that the plaintiff knew of the lack of coverage at the time of the collision with defendant.

Furthermore, "[n]ot every violation of a statutory command or prohibition gives rise to civil liability to one harmed by the violation or carries with it as a penalty an inability to enforce civil rights from acts which would have been lawful except for the statute." *Kidder & Co. v. Clement A. Evans & Co.,* 111 Ga. App. 484, 489 (142 SE2d 269) (1965). There appears to be nothing in Code Ann. § 56-3403b, Code Ann. § 56-9915.2 (setting forth the penalties for violation of the No-Fault Act), or elsewhere in the Georgia Motor Vehicle Accident Reparations Act of 1974 which indicates that a violation of § 56-3403b will automatically result in a forfeiture of rights otherwise available to a litigant who is authorized to sue a tortfeasor.

3. Implicit in the trial court's ruling preventing plaintiff from proving or recovering her economic damages is the trial court's determination that because plaintiff — as owner-operator of the vehicle involved in the collision — was required to purchase minimum insurance coverage under the provisions of Code Ann. § 56-3403b (b), plaintiff is a ". . . person eligible for economic loss benefits described in section 56-3403b, subsection (b) . . ."

The Georgia Motor Vehicle Accident Reparations Act does not specifically define "any person eligible . . ." as used in Code Ann. § 56-3410b (b). However, defendant argues that the meaning ascribed to that language by the trial court was correct because the regulations adopted by the Insurance Commissioner pursuant to the Act specifically interpret this statutory language as follows: "The phrase 'any person eligible for economic loss benefits' as used in Section 10 (b) of the Act shall include any person who is required to purchase a policy of motor vehicle liability insurance providing the economic loss benefits described in Section 3 (b) of the Act." Rules of Comptroller General, Insurance Department, § 120-2-28-.04 (9). Since this portion of the Insurance Commissioner's Regulations became effective pursuant

to the Administrative Procedure Act, we are required to take judicial notice thereof. Code Ann. §§ 3-108, 3A-102 (a) and 3A-124. However, having judicially noticed this regulation, we hold its interpretative aspects not to be dispositive of the statutory construction issue before us.

In this connection, these particular regulations were promulgated pursuant to § 13 of the Act (Code Ann. § 56-3413b) which provides that "[t]he Insurance Commissioner shall adopt rules and regulations necessary for the implementation of this Chapter *with respect to insurers providing the security required herein . . ."* (Emphasis supplied.) It does not appear that the scope of the rule-making authority granted by the General Assembly is inclusive of the power to interpret that Act so as to grant or deny substantive rights in an action by an injured party against a tortfeasor.

Even assuming arguendo that the above quoted portion of the Insurance Commissioner's Regulations was properly adopted pursuant to the statutory authorization, it nevertheless is not determinative of the correct interpretation to be given § 10 (b) of the Act. An administrative or regulatory agency of the state is without constitutional power to legislate. *Brown v. Quality Finance Co.,* 112 Ga. App. 369 (145 SE2d 99) (1965). Although weight will be given to administrative interpretation in case of doubtful statutes (*Thompson v. Eastern Air Lines,* 200 Ga. 216 (39 SE2d 225) (1946)), the ultimate responsibility for statutory construction rests with the courts. *Elder v. Home Building &c.,* 188 Ga. 113 (3 SE2d 75) (1939); *Mousetrap of Atlanta v. Blackmon,* 129 Ga. App. 805 (201 SE2d 330) (1973). The rules and regulations of administrative agencies are persuasive and will be given great weight only in connection with the interpretation of a doubtful statute. *Warestores, Inc. v. Nash,* 125 Ga. App. 210 (186 SE2d 806) (1971). Moreover, ". . . administrative rulings are adopted only after the court has made an independent determination that they correctly reflect the meaning of the statute." *National Adv. Co. v. Dept. of Transp.,* 149 Ga. App. 334, 339 (254 SE2d 571) (1979).

We do not view § 10 (b) of the Act to be either ambiguous or doubtful, and we determine that the

Commissioner's regulation does not correctly reflect the meaning of that statutory provision. By enacting the "no-fault" law, the General Assembly was aware of the rather drastic changes which would occur in the procedural and substantive aspects of personal injury litigation. Subsection (a) of § 10 restricted the right of a tort claimant to recover noneconomic damages to those cases involving a "serious injury" as defined in subsection J of § 2 of the Act (Code Ann. § 56-3402b (j)). Subsection (b) of § 10 was intended to insure that a tort claimant entitled to institute and pursue a damage suit based upon a "serious injury" would not be unjustly enriched by a jury verdict which included an award for economic damages when the claimant had been reimbursed or was entitled to reimbursement for such damages under his own no-fault policy. In other words, the purpose of the language in controversy was to prevent a double recovery. It being stipulated in this case that plaintiff has not been reimbursed for her economic losses, the trial court erred in prohibiting plaintiff from proving and recovering those damages.

*Judgment reversed. Banke, Acting P. J., and Underwood, J., concur specially.*

ARGUED APRIL 9, 1979 — DECIDED JUNE 26, 1979 — REHEARING DENIED JULY 10, 1979 — 

*Long & MacDowell, Fred MacDowell,* for appellant.
*Van Gerpen, Bovis, Kyle & Burch, E. J. Van Gerpen,* for appellee.

UNDERWOOD, Judge, concurring specially.

While it occurs to me that the legislature, in § 56-3410b (b), may have meant to refer to a person eligible for economic-loss *insurance,* as described in § 56-3403b (b), nevertheless the term "benefits" is used which, as intimated by Judge Carley, should be ascribed the same usage as in § 56-3408b (b), to wit, proceeds of the insurance. Thus while plaintiff might be eligible for the insurance; she is not "eligible" for the benefits thereof since there is no coverage; and under this view she would

not be barred by § 56-3410b (b).

But even if plaintiff were assumed to be a "person eligible for economic loss benefits" within the meaning of § 56-3410b (b), the same result would follow since that section precludes recovery only for damages "for which *compensation is available* for economic loss under said section." (Emphasis supplied.) Clearly that criterion is not met here since compensation is not available both as a matter of fact from the stipulation below, and as a matter of law under § 56-3408b (b). Consequently I agree that the court erred in removing the economic-loss damages from the case.

I am authorized to state that Acting Presiding Judge Banke joins in this special concurrence.