## 35460. DAVIDSON v. BRADFORD.

JORDAN, Justice.

We granted certiorari to review the Court of Appeals' opinion in *Bradford v. Davidson,* 150 Ga. App. 625 (258

SE2d 235) (1979).

Both parties agree that the question presented is whether an owner-operator of an automobile, who is required to secure minimum insurance coverage under the Georgia Motor Vehicle Accident Reparations (No-Fault) Act, may recover in tort that part of the owner-operator's entire economic loss for which no-fault economic loss benefits are available under Code Ann. § 56-3403b (hereinafter: no-fault economic loss) when the owner-operator has failed to recover said benefits, for whatever reason.

Vickie Bradford, plaintiff below, filed a complaint against Debra Davidson, for personal injury damages arising out of a collision between a car owned and operated by the plaintiff and a car operated by the defendant. In addition to her non-economic loss (pain and suffering) she sought to recover her entire economic loss ($814 in medical expenses and $600 in lost income). It was stipulated that the plaintiff had not been paid her no-fault economic loss benefits provided under no-fault insurance and that she had passed the "serious injury" threshold. (Medical expenses exceeding $500).

Code Ann. § 56-3410b (b) provides that "Any person *eligible* for [the no-fault] economic loss benefits described in section 56-3403b, subsection (b) is precluded from pleading or recovering in an action for damages against a tortfeasor, those damages for which compensation is available for economic loss under said section . . ."

In construing this statute, the trial court ruled that *any owner-operator required* to secure minimum insurance coverage under Code Ann. § 56-3403b is *"eligible* for [no-fault] economic loss benefits" under the intent of 56-3410b (b) and thus "precluded" by said Code section from pleading or recovering no-fault economic loss from a tortfeasor. Accordingly, even though the present plaintiff had been denied no-fault economic loss benefits by her no-fault insurance carrier, the trial court denied said plaintiff recovery in the present tort action for her no-fault economic loss because she was an owner-operator required by § 56-3403b to be lawfully insured.

On appeal, the Court of Appeals concluded that *"the* purpose" of § 56-3410b (b) was "to prevent double recovery,"

and that since the parties had stipulated in the trial court below that the present plaintiff had not been compensated for her no-fault economic loss by her no-fault insurance carrier, said plaintiff's recovery in tort of her no-fault economic loss would not violate the legislative intent of § 56-3410b (b).

Accordingly, applying the rule of statutory construction that a statutory term should be construed consistently with the intended function of the statutory provision of which it is a part, the Court of Appeals reversed the trial court and held that § 56-3410b (b)'s threshold concept — "any person *eligible* for [no-fault] economic loss benefits" — did *not* include an owner-operator required to secure minimum insurance coverage under § 56-3403b if said owner-operator had been denied no-fault economic loss benefits by a no-fault insurance carrier.

For the reasons stated below we reverse the judgment of the Court of Appeals.

Code Ann. § 56-3403b provides that "No owner of a motor vehicle required to be registered in this State, . . . shall operate or authorize any other person to operate such motor vehicle unless the owner has insurance on such vehicle . . ."

The Legislature combined this *mandatory* duty of securing minimum insurance coverage with Code Ann. § 56-3410b (b), quoted above and § 56-3410b (a) which provides as follows: "In an action against a person insured as provided in section 56-3403b . . . to recover damages because of accidental bodily injury arising out of ownership, operation, maintenance or use of an insured motor vehicle in this state, an insured person shall be exempt from liability to pay damages for noneconomic loss unless the injury is a serious injury as defined in subsection (j) of section 56-3402b."

Assuming a lawfully insured operator-defendant (which is the fact in our present case) and an owner-operator-plaintiff who has fulfilled his mandatory duty of securing minimum insurance coverage (which is not the fact in the present case), under the quoted statutory provisions, if said plaintiff incurs a non-serious injury (see Code Ann. § 56-3402b (j)), then § 56-3410b (a)

functions to avoid tort litigation by precluding a tort recovery of noneconomic loss, and § 56-3410b (b) reenforces this function by independently precluding a tort recovery of plaintiff's no-fault economic loss. If said plaintiff incurs a serious injury, then, while § 56-3410b (a) no longer functions to avoid tort litigation, § 56-3410b (b) does so unilaterally by continuing its independent preclusion of the plaintiff's no-fault economic loss. Thus, the legislature has constructed a three-part statutory scheme under which certain owner-operators are intended to secure minimum insurance coverage and under which § 56-3410b (b) is intended to perform, *as against these owner-operators,* both a reenforcing and unilateral avoidance of litigation function by rendering personal injury lawsuits arising out of said owner-operator's use of an automobile in this state less financially rewarding.

We have recognized that the purposes of the "no-fault" law include the elimination of wasteful litigation over moderate to small claims. *Cannon v. Ga. Farm Bureau Mut. Ins. Co.,* 240 Ga. 479 (241 SE2d 238) (1978) and *Teasley v. Mathis,* 243 Ga. 561 (255 SE2d 57) (1979). The holding of the Court of Appeals would destroy the reenforcing and unilateral avoidance of litigation effects of § 56-3410b (b) as regards individuals against whom the legislature expressly intended said effects to operate.

Thus, and in recognition of the legislative intent that § 56-3410b (b) perform, as against owner-operator-plaintiffs required to secure minimum insurance coverage, both a reenforcing and unilateral avoidance of litigation function, we hold that § 56-3410b (b)'s threshold concept — "any person eligible for [no-fault] economic loss benefits" — includes any person who is *required* under Code Ann. § 56-3403b to secure minimum insurance coverage as outlined in said section. See Rule 120-2-28-.04(9) of the Rules and Regulations of the State Insurance Department.

The cases of *Jenkins v. Vaughn,* 146 Ga. App. 801 (247 SE2d 485) (1978) and *Eidson v. Reagin,* 146 Ga. App. 814 (247 SE2d 486) (1978), cited and relied on by the Court of Appeals, are inapposite in that those cases allowed a *non-owner-operator* and a *passenger* in

uninsured vehicles to recover no-fault economic losses against a tortfeasor since they were not in a position to control the question of whether or not the vehicles in which they were riding were properly insured under the law. That duty, however, is placed upon certain *owner-operators,* such as the plaintiff, by the mandatory provisions of the law.

*Judgment reversed. Nichols, C. J., Undercofler, P. J., Hill and Marshall, JJ., and Judge Charles L. Weltner, concur. Bowles, J., dissents. Clarke, J., not participating.*

ARGUED NOVEMBER 14, 1979 — DECIDED JANUARY 3, 1980.

*Jones & Van Gerpen, E. J. Van Gerpen,* for appellant.

*Long & MacDowell, Fred MacDowell, Nick Long,* for appellee.