## 65197. NORTH v. M. C. ANDERSON, INC. et al.

McMURRAY, Presiding Judge.

On January 19, 1978, Marjorie J. North was seriously injured in an automobile collision while driving her husband's automobile and brought suit against the driver of the other motor vehicle and his employer. She collected $2,500 medical benefits (maximum coverage and also an additional $50 for "essential services") from her husband's "no fault" insurance carrier, but did not make application for loss of wages due to the uncertainty as to the losses she would sustain from week to week during her recovery. She was a part-time substitute employee but expected full-time employment within a short time after the collision. She also continued to receive payments from defendants' insurance carrier for medical services rendered to her and eventually received $4,307.58, although her actual medical expenses were $4,780.58.

The case was tried, and she received a verdict of $9,640 lost wages; and by agreement of counsel, the remainder of medical expenses of $473; and $23,000 in general damages. Whereupon, on motion of the defendants relative to the eligible economic loss benefits plaintiff was entitled to receive (see Code Ann. § 56-3410b (Ga. L. 1974, pp. 113, 121) (now OCGA § 33-34-9, effective November

1, 1982)) the trial court sustained the motion and amended the portion of the verdict relative to the award of $9,640 for lost wages by deleting $2,500 to reflect a verdict of $7,140 for lost wages; and the judgment then followed this amended verdict. Plaintiff appeals based upon a stipulation that only the sum of $2,450, instead of the deleted sum of $2,500, would be reviewed relative to the contended erroneous reduction of the lost wages. *Held:*

This case is controlled adversely to the plaintiff by reason of the recent Supreme Court decision of *Davidson v. Bradford,* 245 Ga. 8, 10-12 (262 SE2d 780), revg. *Bradford v. Davidson,* 150 Ga. App. 625 (258 SE2d 235). See s.c., 153 Ga. App. 302 (266 SE2d 807). See also *City Council of Augusta v. Lee,* 153 Ga. App. 94, 96, 98 (2) (264 SE2d 683). Compare *American Interstate Ins. Co. v. Revis,* 156 Ga. App. 204 (1) (274 SE2d 586).

It seems the law (Georgia Motor Vehicle Accident Reparations Act, commonly called "No Fault insurance") defeats its purpose to avoid litigation to here require a person "eligible for economic loss benefits" (described in Code Ann. § 56-3403b (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204) (now OCGA § 33-34-4, effective November 1, 1982)) to obtain the basic economic loss provided and sustained up to the maximum therein authorized from the no-fault insurer, which amount is subrogated under Code Ann. § 56-3405b (d) (1) (Ga. L. 1974, pp. 113, 118; 1976, pp. 1078, 1079; 1976, p. 1513; 1976, p. 1523), but thereafter changed by amendment in Ga. L. 1978, p. 2075, effective April 6, 1978 (now OCGA § 33-34-3, effective November 1, 1982), and then in cases of "serious injury" seek the balance from the tortfeasor. But that is the exact language of the statute. As stated in *Davidson v. Bradford,* 245 Ga. 8, supra, at page 11, in non-serious injury cases, the legislature seeks to avoid tort litigation. Nevertheless, it does not do so in a serious injury case such as here as three separate incidents of litigation may result.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 25, 1983 —
REHEARING DENIED FEBRUARY 10, 1983 —

*Alton D. Kitchings,* for appellant.
*Arnold C. Young, John H. Maclean,* for appellees.