DuWayne M. REHNELT, Respondent,

v.

Robin A. STUEBE, Appellant.

and

Debra CHANEY, et al., Respondents,

v.

Shirley LIEBERMAN,
petitioner, Appellant.

Nos. C9–85–1781, C1–85–2259.

Supreme Court of Minnesota.

Dec. 19, 1986.

Barbara A. Burke, Mark A. Gwin, Minneapolis, for Robin A. Stuebe.

Bradley J. Behr, St. Paul, for Shirley Lieberman.

Bruce A. Gershman, Minneapolis, for DuWayne M. Rehnelt.

Willard L. Converse, St. Paul, for Debra Chaney, et al.

## OPINION

SCOTT, Justice.

DuWayne Rehnelt and Debra Chaney are injured parties in two separate automobile accidents in Minnesota. They did not have no-fault automobile insurance on their vehicles. Both sought to recover economic loss benefits from the drivers of the other vehicles involved in these accidents. In each case the court of appeals held that the injured party's failure to have no-fault insurance did not bar the recovery of economic loss benefits in the tort actions. We reverse that holding in both cases.

*Rehnelt Claim.*

Rehnelt owned and operated a 1974 Ford motor vehicle that was required to be registered and licensed in the state of Minnesota. Rehnelt did not maintain a plan of reparation security on this vehicle as required by Minn.Stat. § 65B.48, subd. 1 (1984) and, therefore, did not have $20,000 of basic economic loss medical benefits cov-

erage for himself as required by Minn.Stat. § 65B.44, subd. 1(a) (1984). On September 10, 1983, Rehnelt's vehicle collided with a vehicle owned by Robin Stuebe which was registered and licensed in Minnesota. Stuebe maintained a plan of reparation security on this vehicle with Midwest Family Mutual Insurance Company, which was licensed to write motor vehicle accident reparation and liability insurance in Minnesota. For purposes of the summary judgment motions only, the parties stipulated that Stuebe was liable and that the medical expenses totaled $785.00.

Stuebe refused Rehnelt's demand that she pay these expenses, claiming that Rehnelt was prohibited from recovering them under the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1984). Because Stuebe refused to pay the expenses, Rehnelt commenced this action. The trial court granted Rehnelt's motion for summary judgment, holding that Rehnelt's failure to have no-fault insurance did not bar his tort action against Stuebe. The court of appeals affirmed. 379 N.W.2d 677.

### Chaney Claim.

On November 5, 1981, Debra Chaney was injured in a collision while a passenger in a pickup truck driven by her husband, Richard Chaney. Neither Chaney nor the Chaney vehicle was insured pursuant to the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1982), and consequently Chaney received no economic loss benefits under any insurance policy.

Chaney brought this negligence action against Shirley Lieberman, driver of the other vehicle, to recover medical expenses and noneconomic damages. The matter was tried before a jury in March, 1985. The trial court directed a verdict that at the time of the accident Lieberman was negligent in operating her vehicle, that Lieberman's negligence was the direct cause of Chaney's injuries, and that Lieberman's negligence was the sole cause of the accident. The jury awarded $16,238.22 for medical expenses, $2,000 for future medical expenses, and $40,000 for pain, suffering, and other noneconomic damages. The trial court offset the award for medical expenses and concluded that Chaney was entitled to judgment in the amount of $42,000 plus interest, costs, and disbursements.

Chaney appealed, claiming the offset was improper. The court of appeals agreed, reversing the trial court and directing Chaney's recovery to be increased by the amount offset, together with interest from the date of the verdict. 386 N.W.2d 355.

The question in both cases is:

Should an injured plaintiff who has failed to obtain the required automobile no-fault coverage be allowed to recover basic economic loss benefits in a negligence action against the driver of the other vehicle involved in the accident?

The Minnesota No-Fault Automobile Insurance Act, Minn.Stat. § 65B.41–.71, created a new form of first-party insurance, basic economic loss coverage. It also made this coverage compulsory. Minn.Stat. § 65B.48, subd. 1 (1984). Under this legislation, a person injured in an automobile accident normally recovers any medical expenses as basic economic benefits, either from the insurer designated in the priority section of the act, Minn.Stat. § 65B.47 (1984), or through the assigned claims plan, Minn.Stat. §§ 65B.63–.65 (1982 & 1984). Rehnelt and Chaney, however, may not recover from either of these sources because they were riding in their own uninsured vehicles at the time of the accidents. See Minn.Stat. §§ 65B.47, subd. 4, and 65B.64, subd. 3 (1984).

Because they cannot recover medical expenses as basic economic loss benefits from either an insurer or through the assigned claims plan, the respondents seek to recover from the other parties to the accidents in negligence. They argue that the act has not changed their right to recover uncompensated economic loss from a tortfeasor. The tortfeasors, on the other hand, argue that the act limits negligence actions to recover uncompensated economic loss to the circumstances set out in Minn.Stat. § 65B.51, subd. 2 (1984).

Subdivision 2 of section 65B.51 is entitled "Right to recover economic loss not included in first party benefits" and provides that:

A person may bring a negligence action for economic loss not paid or payable by a reparation obligor because of daily or weekly dollar limitations of section 65B.44, the seven-day services exclusion of section 65B.44, the limitations of benefits contained in section 65B.44, subdivision 1, or an exclusion from coverage by sections 65B.58 to 65B.60.

Minn.Stat. § 65B.51, subd. 2 (1984). This section was the result of a compromise between the house and senate positions on tort recovery. The senate bill followed the Uniform Motor Vehicle Accident Reparations Act ("UMVARA") approach and would have abolished tort liability with respect to motor vehicle accidents occurring within the state with certain exceptions, including actions for damages not recoverable because of the act's limitations on benefits. S. 96, 68th Minn.Leg., 1st Sess. § 5, 1 J. Senate 1726–27 (1973); UMVARA § 5(a)(6), 14 U.L.A. 64 (1972).

This limitation of recovery would be in keeping with the rationale of the UMVARA, which only allows tort recovery of excess economic loss not recoverable as basic economic loss because of the benefit limitations of the act. *See* UMVARA § 5(a)(6), 14 U.L.A. 64 (1972). The UMVARA does not allow tort recovery of economic losses unrecoverable for other reasons, including the insured's election of optional exclusions and deductibles. UMVARA § 5 commissioners' comment, 14 U.L.A. 68 (1972); *see also* Minn.Stat. § 65B.51, subd. 1 (1982 & 1984) (requiring deduction from recovery in negligence action of amounts "which would be payable but for any applicable deductible").

Under the UMVARA, Rehnelt would be barred from bringing any action and Chaney would not be able to recover the amount offset, but the result under the language of the Minnesota statute is less clear. Other jurisdictions are split on this issue with the result often depending on the particular language of their no-fault acts. *See, e.g., Surman v. Griebel,* 439 F.Supp. 1118, 1121 (D.Nev.1977) (holding that under UMVARA-type statute uninsured motorists were precluded from recovering in tort what they would have received from their carrier had they been insured); *Davidson v. Bradford,* 245 Ga. 8, 9–10, 262 S.E.2d 780, 781–82 (1980) (holding that uninsured motorist was "eligible" for no-fault economic loss benefits and, therefore, was precluded by statute from pleading or recovering in an action for damages against a tortfeasor those damages for which economic loss benefits would have been available); *Stone v. Montgomery,* 618 S.W.2d 595, 596–97 (Ky.Ct.App.1981) (statute abolishing tort liability "to the extent the basic reparation benefits * * * are payable therefor * * * under any insurance policy or other method of security" allows suit by uninsured motorist only for those medical expenses that exceed minimum protection required by law); *Lisi v. Parnell,* 201 N.J.Super. 321, 327, 493 A.2d 40, 43 (N.J.Super.Ct.App.Div.1985) (uninsured motorist is not precluded by statute from introducing evidence of medical expenses because these losses were not "collectible").

One of the purposes of the Minnesota No-Fault Insurance Act, Minn.Stat. §§ 65B.41–.71, is:

To speed the administration of justice, to ease the burden of litigation on the courts of this state, and to create a system of small claims arbitration to decrease the expense of and to simplify litigation, and to create a system of mandatory inter-company arbitration to assure a prompt and proper allocation of the costs of insurance benefits between motor vehicle insurers.

Minn.Stat. § 65B.42(4) (1984). One of the ways in which this purpose is to be achieved is by limiting the right to recover damages in a tort action. *See* M. Steenson, *Minnesota No-Fault Automobile Insurance* 153 (1982); *see also* UMVARA § 5 commissioners' comment, 14 U.L.A. 64 (1972) (limitation of tort recovery "is the

key provision of the Act, designed to eliminate the bulk of tort claims for personal injury arising from the maintenance or use of motor vehicles"). If the respondents' interpretation of Minn.Stat. § 65B.51, subd. 2 (1984), were accepted by this court, that section would do nothing to limit tort actions. This statute, however, allows the commencement of a negligence action for basic economic loss benefits only under certain specific circumstances. *Haugen v. Town of Waltham*, 292 N.W.2d 737, 739 (Minn.1980). To hold otherwise would shake the underpinnings of the Minnesota No-Fault Automobile Insurance Act. We are long past the question of whether the legislature can deny pre-existing remedies for certain injuries or wrongs. Similar arguments were made and rejected concerning the Workers Compensation Act. *See Carlson v. Smogard*, 298 Minn. 362, 368, 215 N.W.2d 615, 619 (1974). The tradeoff is to receive basic economic loss benefits regardless of fault by limiting the right to recover general damages in tort. *Id.; see also Pinnick v. Cleary*, 360 Mass. 1, 271 N.E.2d 592 (1971) (upholding that state's no-fault act).

We reverse the court of appeals and hold that Minn.Stat. § 65B.51, subd. 2 (1984), is an exclusive list of the instances in which a person injured through the use of a motor vehicle may maintain a negligence action for economic loss. This holding therefore disposes of these cases, but Chaney goes further and argues that the offset provision of Minn.Stat § 65B.51, subd. 1 (1982), which provides that:

> With respect to a cause of action in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle with respect to which security has been provided as required by sections 65B.41 to 65B.71, there shall be deducted from any recovery the value of basic or optional economic loss benefits paid or payable or which will be payable in the future, or which would be payable but for any applicable deductible.

does not apply when the plaintiff has uncompensated loss but is, instead, a mechanism for prohibiting double recovery. Avoiding double recovery is certainly one of the purposes of this provision, Minn. Stat. § 65B.42(5) (1984) (one of the purposes of the act is "to provide offsets to avoid duplicate recovery"); Steenson, *No-Fault in a Fault Context*, 2 Wm. Mitchell L.Rev. 109, 113 (1976), but one problem with this argument is that the statute expressly provides that one type of economic loss, that "which would be payable but for any applicable deductible," is subject to the offset even though uncompensated. Minn. Stat. § 65B.51, subd. 1 (1982). This provision cuts against Chaney's argument that the legislature intended all losses left uncompensated by the no-fault system to be recoverable in tort. We hold that the judicial offset under Minn.Stat. § 65B.51, subd. 1, is applicable.

We reverse the court of appeals in both cases, holding that the failure to have no-fault insurance bars these tort actions for economic loss benefits covered by the no-fault act, and we reinstate the trial court's judgment in the Chaney case.

YETKA, Justice (dissenting).

I dissent. I do not follow the logic of the majority decision. The right to recover for injuries, including economic losses, was a common law right before the no-fault act was adopted. A common law right is not lost absent *clear* legislative mandate. That is not the case here. If a pedestrian is struck by an automobile and can recover no-fault benefits from the driver, then certainly a motorist should have the same right. The majority is writing into the statute something that is simply not there. Courts should abstain from abstract reasoning that has the illogical result achieved here.

I would affirm the court of appeals in both cases.

WAHL, Justice (dissenting).

I join the dissent of Justice Yetka.