## A90A0334. WORSHAM v. PICKERAL.
(393 SE2d 488)

BANKE, Presiding Judge.

The appellant, Glorious Worsham, brought this action against the appellee to recover for personal injuries she had sustained in an automobile accident. A jury awarded her damages in the amount of $10,043.20; but in entering judgment on the verdict the trial court deducted $5,000 from the award pursuant to OCGA § 33-34-9 (b), which provides that "[a]ny person eligible for economic loss [i.e., no-fault] benefits described in paragraph (2) of subsection (a) of Code Section 33-34-4 is precluded from pleading or recovering in an action for damages against a tort-feasor those damages for which compensation is available for economic loss under said Code Section 33-34-4. . . ." The appellant contends on appeal that the trial court erred in reducing the jury's award in this manner because she had applied for no-fault coverage and, based on representations made to her by her insurance agent, believed in good faith that such coverage had been secured for her, although due to fraud on the part of the agent no policy was ever obtained. The appellant does not dispute that she incurred at least $5,000 in medical expenses and lost wages as a result of the accident. *Held*:

The Georgia Supreme Court has interpreted the language, "any person eligible for [no-fault] economic loss benefits," as used in OCGA § 33-34-9 (b), to include "any person who is *required* under [OCGA § 33-34-4] to secure minimum coverage as outlined in said section." *Davidson v. Bradford,* 245 Ga. 8, 11 (262 SE2d 780) (1980). There being no question that the appellant, as the owner-operator of the vehicle she was driving at the time of the accident, was required to secure no-fault coverage, it follows that she was precluded from recovering from the appellee her first $5,000 in economic losses resulting from the accident. While we sympathize with the appellant's complaint that she made a diligent effort to obtain coverage and believed in good faith that she was covered, we note that a certain degree of injustice would also result from shifting the risk of her failure in this regard to the appellee herein, who had no control whatever in the matter.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED APRIL 5, 1990.

*Repasky, Minin & Bates, Alexander J. Repasky, Fred R. White*, for appellant.

*Bovis, Kyle & Burch, Steven J. Kyle, B. Dean Grindle, Terry L. Yewell, David R. Smith*, for appellee.